STATE MUTUAL RODDED FIRE INSURANCE CO. v. FOSTER.

1. CONSTITUTIONAL LAW — STATUTES — ONE OBJECT EXPRESSED IN TITLE.

A purpose of article 5, § 21, of the State Constitution requiring that ''no law shall embrace more than one object which shall be expressed in its title'' is to give the legislature and the public fair notice of the scope of the legislation.

2. STATUTES—CONTENTS.

The body of a statute must not contain provisions contrary to or not germane to the object stated in the title (Const., art. 5, § 21).

3. BANKS AND BANKING — CONSTITUTIONAL LAW — PRINCIPAL AND
   SURETY.

  Act No. 32, Pub. Acts 1933, supplementing laws regulating banks
  is unconstitutional in so far as it affects suits against sureties.

   Appeal from Sanilac; Boomhower (Xenophon A.),
J. Submitted May 8, 1934. (Calendar No. 37,577.)
Decided June 4, 1934.

   Assumpsit by State Mutual Rodded Fire Insur-
ance Company against James Foster and others as
sureties on a depository bond. From order denying
motion to dismiss, defendants appeal. Affirmed.

   *Leibrand & Leibrand,* for plaintiff.

   *Robert W. McKenzie,* for defendants.

   EDWARD M. SHARPE, J.   In June, 1928, the State
Savings Bank of Peck, Michigan, as principal, and
the defendants as sureties executed a bond in favor
of plaintiff company, the condition of which was that
if the bank would keep, account for and pay over on
demand all moneys that might be deposited in said
bank by the plaintiff, then the obligation would be-
come void.

   October 26, 1932, plaintiff deposited in said bank
the sum of $1,500 and received the bank's certificate
of deposit payable upon demand. On June 5, 1933,
while the bank was in the custody of the State bank-
ing department under the provisions of the emer-
gency banking statute, plaintiff presented this cer-
tificate of deposit for payment. Upon refusal of the
conservator of the bank and the defendant sureties
to pay plaintiff's certificate, the plaintiff brought
suit against the sureties on the bond. Defendants
moved to dismiss on the ground that the action is

barred by Act No. 32, Pub. Acts 1933, § 4, which reads in part:

"Whenever this act operates as a stay of any legal proceedings against any bank or trust company, then, a similar stay for a corresponding time shall be in effect as to any surety, sureties, guarantor or guarantors of such bank or trust company."

The act elsewhere provides (section 4):

"During the period of such management and possession by the said commissioner, no actions and remedies at law or suits in equity of any creditor or stockholder or party in interest against any such bank or trust company, or any property of whatsoever kind or nature in the control and custody of the commissioner as aforesaid shall be commenced without the consent of said commissioner and approval of the governor, and the statute of limitations against such claims shall be suspended during such period."

The plaintiff contends that the act is invalid in so far as it purports to bar this suit because: (1) the title contains no reference to a stay of proceedings against sureties; (2) the emergency justifying the act no longer exists; (3) the act impairs the obligations of contracts; (4) the act discriminates between sureties for defunct banks and other sureties; (5) the act suspends the judicial powers of the courts for an indefinite period.

The lower court held the act unconstitutional on the last ground and defendants appeal.

As to plaintiff's first contention, this court held in *Commerce-Guardian Trust & Savings Bank* v. *State of Michigan* (syllabus), 228 Mich. 316:

"The purpose of article 5, § 21, of the State Constitution, requiring that 'no law shall embrace more than one object, which shall be expressed in its title,'

was, first, to prevent the bringing together in one bill subjects diverse in their nature and having no necessary connection, with a view to combine in their favor the advocates of all, and, second, to challenge the attention of those affected by the act to its provisions."

The second purpose might be otherwise stated as to give the legislature and the public fair notice of the scope of the legislation. The body of the act must not contain provisions contrary to or not germane to the object stated in the title, since the title gives notice that no matters except those which it indicates will be found in the body.

The title of the act here in question reads as follows:

"An act to protect depositors and other creditors of banks and trust companies; to supplement the laws of this State providing for the regulation of the business of banks and trust companies; to provide for the taking over of the management and/or reorganization or liquidation of banks and trust companies under certain conditions by the commissioner of the State banking department; to authorize the borrowing of money and pledging of the assets of banks and trust companies; to further prescribe and define the powers of the commissioner of the State banking department and the governor with reference thereto; to prescribe penalties for the violation of the provisions of this act; to declare the effect of this act; and to extend the provisions of this act to national banks and to banks owned by any individual person or any unincorporated association of individual persons under certain conditions."

There is no intimation in the title of the act that the act contains legislation affecting sureties. Neither is there any necessary relationship between

the suspension of proceedings against sureties and the purpose of the act as stated in the title. We must therefore hold that part of the act affecting suits against sureties to be unconstitutional. As this disposes of the case, it will be unnecessary to discuss the other contentions of the plaintiff.

The order of the trial judge denying defendant's motion to dismiss is affirmed. Costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.