BARRY *v.* BRIGGS MANFG. CO.

WORKMEN'S COMPENSATION—HERNIA—WAIVER.

> Award of compensation for right inguinal hernia was properly denied where plaintiff, prior to requesting approval of department of labor and industry of waiver of compensation benefits on account of disability or death resulting from hernia, ascertained that he had a left inguinal hernia of long standing and a weakness on the right side, requested approval of the waiver of compensation for bilateral inguinal hernia, department treated condition then existing as such, and approved the waiver pursuant to statutory authority for so doing, approval was not brought about by fraud, coercion or mistake, and award was sought on the ground that the condition of the right side had become aggravated (Act No. 10, part 7, §§ 2, 14, Pub. Acts 1912 [1st Ex. Sess.], as added by Acts Nos. 61, 264, Pub. Acts 1937).

Appeal from Department of Labor and Industry. Submitted October 9, 1940. (Docket No. 23, Calendar No. 41,224.) Decided January 6, 1941.

Andrew E. Barry presented his claim for compensation against Briggs Manufacturing Company, employer, and Aetna Casualty & Surety Company, insurer, for hernia. Award to defendants. Plaintiff appeals. Affirmed.

*I. W. Ruskin,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

WIEST, J. The occupational disease enactment, Act No. 10, part 7, § 2, Pub. Acts 1912 (1st Ex. Sess.),

as added by Act. No. 61, Pub. Acts 1937 (Comp. Laws .Supp. 1940, § 8485-2, Stat. Ann. 1940 Cum. Supp. § 17.221), made compensable—

"Hernia
"Clearly recent in origin and resulting from a strain, arising out of and in the course of employment and promptly reported to the employer."

By Act No. 264, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-14, Stat. Ann. 1940 Cum. Supp. § 17.230[3]), effective October 29, 1937, a new section was added, reading:

"Notwithstanding the provisions of the workmen's compensation law, any employee who has hernia, * * * may file with the department of labor and industry a written request for permission to waive all compensation benefits on account of disability or death resulting from such occupational disease, and, if the department of labor and industry shall approve such waiver, it shall issue an order to that effect and shall furnish to the employee such certified copy or copies thereof as the employee may require. Any employer of such employee, to whom such certified copy shall have been furnished by the employee, shall be exempt from any liability under this part, because of such disability or death of such employee due to such occupational disease: Provided, That such written request or petition requesting such waiver shall be filed on or before one hundred twenty days from the effective date of this act."

Plaintiff had been for some time in the employ of defendant Briggs Manufacturing Company and, on account of the occupational disease act, the company had an examination made of its employees and plaintiff was found to have a hernia on his left side and a weakness in his right groin. The left side hernia was of long standing and not compensable but the potential hernia on the right side, if it developed,

would be compensable without there was statutory waiver.

Plaintiff, in February, 1938, filed with the department the following waiver:

"ANDREW BARRY"

"Bilateral Inguinal Hernia"

"The undersigned, an employee of Briggs Manufacturing Company at Detroit, Michigan, hereby declares that on October 29, 1937, he had a hernia and therefore requests permission to waive all compensation benefits on account of disability or death resulting from such hernia only and further requests that the department of labor and industry issue an order approving this waiver in accordance with the provisions of Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended by section 14 of part 7."

In reply to questions sent him by the department, plaintiff stated he had a hernia of the left groin at the time he signed the waiver for hernia and "I was told by the Briggs hospital doctor. I had a weakness in the right groin, but it was not there at time of employment, December 26, 1934. Do I have to sign a waiver on that weakness? I am positive that it was contracted at Briggs. Will you please inform me as to how I stand in this matter?"

After receipt of the letter the department approved the waiver on October 5, 1938.

Claiming that on March 27, 1939, in the course of his work, he suffered a strain resulting in a hernia on his right side, plaintiff petitioned for compensation which was denied on account of his waiver, and this appeal, in the nature of certiorari, taken.

In an opinion the department so well stated the reasons for the denial that we quote therefrom:

"It was stated on argument both before the deputy and this department that examinations were im-

posed upon employees by employers on the passage of the occupational disease amendment and that wholesale dismissals were threatened of employees who then had herniæ. To meet that situation the legislature passed Act No. 10, part 7, § 14, Pub. Acts 1912 (1st Ex. Sess.), as added by Acts Nos. 61, 264, Pub. Acts 1937. It could have been passed with but one object and that was to permit an employee to waive compensation for occupational disease as subsequently developed. Employers were not liable for occupational hernia suffered prior to the taking effect of the occupational disease amendment. The occupational disease amendment was prospective in its operation and not retroactive. Employees who were already subject to herniæ not sustained by reason of accident obtained no rights under the occupational disease amendment but it was deemed likely that future developments of the occupational herniæ disabling the employees would become compensable. To hold these men in their positions was the object sought to be obtained. The act was to provide exemption for employers with the consent of employees who were still able to work and who continued employment notwithstanding the danger of further aggravation of existing herniæ.

"In this situation the plaintiff was examined by defendant's hospital physician according to plaintiff's letter, who found a weakness on the right side as well as the existing hernia on the left side. Under that situation, plaintiff signed the waiver. This department not being satisfied apparently with the mere signing of the waiver addressed a circular letter which plaintiff received and answered and in addition to that information he wrote a letter in longhand that he had a weakness on the right side which was not there when he went to work for defendant in 1934 but he felt that he had contracted the weakness in defendant's employ. Plaintiff obtained the information that he had the so-called weakness

on the right side from defendant's physician and with full knowledge of his condition signed a waiver of a bilateral inguinal hernia. When the department received plaintiff's letter it treated the so-called weakness on the right side as the equivalent of a hernia and made an order approving the waiver. * * *

"We think the department was correct in approving the waiver particularly as it was expressly requested by the plaintiff. The plaintiff was fully advised as to his condition and situation and signed the waiver understandingly.

"Plaintiff alleges that the approval of the waiver was brought about by fraud, coercion or mistake and to reinforce his argument has introduced an affidavit made by plaintiff filed with this department on September 28, 1939, which he claims was the basis of the application for the approval of the waiver. It was not brought to the attention of this department and contradicts the statement made by plaintiff in his letter that he had the weakness on the right side. The assertion of fraud, coercion and mistake is without foundation.

"It was claimed at the hearing before the deputy commissioner and also on argument before this department by plaintiff's counsel that an aggravation of an existing hernia by accident was compensable notwithstanding an approved waiver under Act No. 264, Pub. Acts 1937. We do not believe this is the correct interpretation of that amendment to the act. The herniæ then in existence which were suffered as occupational diseases, as later defined by the occupational disease amendment, were not compensable. Employees were permitted to waive disability in the future by the reason of such herniæ with the approval of the department. Unless that is the correct application of the statute it is meaningless. Waiver of a hernia incurred when it was not compensable was an idle gesture with no legal significance whatsoever. The legislature must have intended men

with herniæ to be permitted to continue to work and to waive compensation by reason of disability on account of those herniæ which were occupational in character notwithstanding subsequent occurrences which aggravated conditions and became compensable thereby.

"We feel that under the record and files in this matter plaintiff knowingly waived the right to recover compensation for the aggravation of herniæ as claimed in his notice and application and that he is not entitled to compensation for any disability which has resulted from herniæ on the right side."

Denial of an award is affirmed, with costs to defendants.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Butzel, JJ., concurred.