HARGROVE *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—HERNIA DUE TO ACCIDENT—MOTOR TESTER.
   Motor tester who slipped and fell on oily floor and thereby so aggravated pre-existing, but nondisabling, hernia, as to cause total disability, was entitled to workmen's compensation for period of total disability and hospital expenses due to the accident (2 Comp. Laws 1929, § 8407; § 8417, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

2. SAME—OCCUPATIONAL DISEASE AMENDMENT—ACCIDENTAL INJURIES.
   The provisions of the occupational disease amendment. to the workmen's compensation act do not apply to or limit other provisions of the workmen's compensation act applicable to accidental injuries, such injuries being compensable when they arise out of and in the course of employment (2 Comp. Laws 1929, § 8407; § 8417, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

3. SAME—HERNIA—OCCUPATIONAL DISEASES.
   The occupational disease amendment was intended to broaden the workmen's compensation act, hence qualification in such amendment that hernia, to be compensable, must be clearly recent in origin and result from a strain arising out of and in the course of the employment and promptly reported to the employer is applicable only in occupational diseases (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted June 7, 1945. (Docket No. 47, Calendar No. 42,993.)   Decided December 3, 1945.

Willie O. Hargrove presented his claim against Ford Motor Company, employer, for workmen's compensation for hernia. Award to plaintiff. Defendant appeals. Affirmed.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

BUSHNELL, J. The order of the department of labor and industry affirmed the award of the deputy commissioner, which granted compensation of $21 per week to plaintiff Willie O. Hargrove for total disability from July 30, 1944, to September 10, 1944, together with reimbursement for medical and hospital expenses in the sum of $253.85.

Hargrove was an employee of the defendant, Ford Motor Company. At the time of his rehiring on September 15, 1938, he was found to have a bilateral hernia. On May 30, 1944, while testing motors he slipped and fell, aggravating the pre-existing nondisabling hernia. Prior to that time he had experienced no difficulty in doing his regular work. After the accident he had continuous trouble, until the hernia was surgically repaired on July 30, 1944.

Defendant contends that the department was in error in holding that a hernia may be compensable even though not recent in origin and not the result of a strain arising out of and in the course of the employment. Plaintiff states the question involved as follows:

"Is an accidental injury which aggravates a preexisting hernia and causes total disability compen-

sable under part 2 of the workmen's compensation law?''

A somewhat similar situation was presented in *Barclay* v. *General Motors Corp.*, 309 Mich. 534. In that case there was no accidental injury and the court held that a recurrent hernia is not a hernia of recent origin, and that the one for which Barclay sought compensation, not being recent in origin, notwithstanding the fact that his condition was not previously a disabling one, he was not entitled to compensation.

Plaintiff seeks to distinguish the *Barclay Case* on the ground that it involved a claim brought under part 7 of the act as it existed before the 1943 amendment, and was not based upon an accidental injury. He insists that part 2 of the act is alone applicable to his situation.

Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1945 Cum. Supp. § 17.220), reads:

''Definition. Whenever used in this act:
''(a) The word 'disability' means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability;
''(b) The word 'disablement' means the event of becoming so disabled as defined in subparagraph (a);
''(c) The term 'personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be com-

pensable; *Provided, however,* That a hernia to be compensable must be clearly recent in origin and result from a strain arising out of and in the course of the employment and promptly reported to the employer.''

The facts in the instant case are distinguishable from those in the *Barclay Case.* Hargrove's claim arose out of an accidental injury, while Barclay's did not. Hargrove experienced no difficulty between his rehiring on September 15, 1938, and May 30, 1944, when he was, according to his testimony—
"in the test room and I was washing down a motor. There is oil all over the floor and I slipped and my feet·went from under me."

At the close of the cross-examination of Hargrove, his attorney asked:

"May it be stipulated that the accident of May 30, 1944, could have aggravated the plaintiff's hernia and caused him more discomfort and more disability?"

To this query defendant's counsel replied:

"Well, I'll stipulate that if you did have a doctor here he would so testify."

Section 12 of part 7 of the workmen's compensation law, as now amended, provides:

"Nothing in this act shall affect the rights of an employee, or his dependents, to recover compensation in respect to a disease to which this act does not apply, if the disease apart from this act, is one for which compensation is payable under the other provisions of this act." (Comp. Laws Supp. 1940, § 8485–12, Stat. Ann. 1945 Cum. Supp. § 17.230.)

The provisions of part 7, as amended, do not apply to or limit other provisions of the act applicable to accidental injuries. Such injuries are still

compensable when they arise out of and in the course of the employment. 2 Comp. Laws 1929, § 8407 (Stat. Ann. § 17.141); § 8417, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1945 Cum. Supp. § 17.151).

The occupational disease amendment was intended to broaden the compensation act. The qualification therein that a hernia, to be compensable, must be clearly recent in origin and result from a strain arising out of and in the course of the employment and promptly reported to the employer (part 7, § 1) is applicable only in occupational diseases. *Barclay* v. *General Motors Corp., supra,* was such a case.

If Hargrove's injury had occurred prior to the occupational disease amendment, plaintiff could have recovered compensation. *Herman* v. *Ford Motor Co.,* 279 Mich. 106. There is nothing in the amendment which precludes the award of compensation under the facts herein stated.

The award is affirmed, with costs to appellee.

STARR, C. J., and NORTH, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in this decision.