McHAN v. BOHN ALUMINUM & BRASS CORP.

1. WORKMEN'S COMPENSATION—HERNIA—PREVIOUS HERNIOTOMY—PROTRUSION.

Employee who had weak musculature in the abdominal area and obesity and who had suffered a hernia in the lower portion of a scar left by an appendectomy and underwent a herniotomy 10½ months before sustaining a hernia at the lower end of the incisional scar from the previous herniotomy and appendectomy sustained a hernia that was compensable under the occupational disease amendment of the workmen's compensation act since the hernia was clearly recent in origin, there having been no protrusion since the preceding herniotomy, although there was no slipping or falling or bumping into anything preceding the instant hernia (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

2. SAME—AWARD BY DEPARTMENT—SUPREME COURT—EVIDENCE.

The Supreme Court does not set aside the award by the department of labor and industry in a proceeding to recover workmen's compensation where there is some testimony that fairly supports its award.

Appeal from Department of Labor and Industry. Submitted April 9, 1946. (Docket No. 16, Calendar No. 43,232.) Decided June 12, 1946.

Application of Bohn Aluminum & Brass Corporation, employer, and Maryland Casualty Company, insurer, for adjustment of claim of Dorothy I. McHan who received a hernia while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Maurice Sugar (Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*Walter A. Mansfield,* for defendants.

Reid, J.   Defendants' appeal (in the nature of certiorari) is from an award of the department of labor and industry made on August 24, 1945.   The award determined that plaintiff's hernia was clearly recent in origin and that it will call for payment of compensation if, as, and when, disability occurs.   The defendants had made the application for the hearing for the purpose of obtaining an award absolving them from any responsibility in connection with plaintiff's herniated condition.

Plaintiff underwent an appendectomy in 1939.   A hernia occurred while she was employed at the Pine Bluff Arsenal, at Pine Bluff, Arkansas, and she underwent a herniotomy on February 10, 1944.   The hernia was on the lower portion of the scar left by the appendectomy.   Plaintiff was incapacitated from January 31, 1944, to March 29, 1944, and then continued her work at Pine Bluff Arsenal until October 20, 1944.   She had no further development of hernia while at Pine Bluff.   About November 3, 1944, she went to work for defendant Bohn Aluminum & Brass Corporation in Detroit.   She had been examined at least twice by defendant company's doctor before entering the employment of defendant company, and had been pronounced perfectly well. Her work as a packer for the Bohn Aluminum & Brass Corporation consisted of counting bearings that were in boxes on a long conveyor line made up of rollers.   Most of the time the bearings were counted without taking them from one box to another, but now and then the plaintiff did have to transfer the bearings from one box to another.   The

entire box of bearings weighed altogether about 75 or 80 pounds. There were six trays of bearings in each entire box. The plaintiff was never required to lift the entire box. The lifting work was never heavier than one tray. Plaintiff would occasionally turn the boxes around on the conveyor and wire some of them. On December 27, 1944, while working for defendant company, packing a box, plaintiff first noticed pain in her side. This occurred while she was doing the type of work which she was employed to do, and in the manner and form intended, and without her slipping or falling, and while she was engaged in the course of packing a box, when she had just started to pull a box around on the conveyor. Plaintiff had done this work frequently before without any pain, and on the occasion in question she did not slip or fall or bump anything.

Plaintiff had weak musculature in the abdominal area, also obesity.

Defendants cite *Barclay* v. *General Motors Corp.*, 309 Mich. 534, and quote therefrom (p. 545):

"As to plaintiff's hernia the department found: 'that condition could not have been recent in origin notwithstanding the fact the condition was not previously disabling.' There was testimony to sustain this finding. It follows that plaintiff is not entitled to compensation because his hernia was not 'clearly recent in origin' as required by the statute."

In *Hargrove* v. *Ford Motor Co.*, 313 Mich. 199, at p. 201, there is a partial construction of the opinion in the *Barclay Case*. While it is stated in the *Hargrove Case* that in the *Barclay Case* "the court held that a recurrent hernia is not a hernia of recent origin" and therefore compensation was denied, that statement is not strictly accurate. Instead, decision in the *Barclay Case* did not turn upon whether

the hernia was or was not a so-called recurrent hernia, but decision was based solely on the fact that Barclay's hernia was not of recent origin.

In the *Barclay Case* the old hernia had continued to protrude up to the time of the disablement, while in the instant case there had been no continuing protrusion, until the hernia on December 27, 1944. Dr. Jarzynka testified that upon examination on December 28, 1944, he found a hernia of the lower end of the incisional scar from a previous herniotomy and appendectomy, that the scar was somewhat longer and wider than a scar which would have resulted from a herniotomy alone. Dr. Jarzynka's opinion that this was a recurrent hernia was based upon the shortness of time that had elapsed since the herniotomy, the flabby abdominal wall of this particular individual, and the occurrence of the break-through in the herniotomy incision itself, which in turn was seated squarely in the prior appendectomy incision.

The department in making its award took into consideration the proviso of the statute (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and as amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1945 Cum. Supp. § 17.220]) which provides,

"A hernia to be compensable must be clearly recent in origin."

As we consider the testimony that was offered, there is testimony to support the department's finding that the hernia was clearly recent *in origin*. In effect the department determined that the hernia found on examination on December 28, 1944, was a new hernia. We note that on examination by defendant company's doctor shortly before Novem-

ber 3, 1944, plaintiff's condition was found to be good.

We do not set aside the award of the department, where there is some testimony that fairly supports such award.

Plaintiff claims under part 7 and also under part 2 of the act as amended by Act No. 245, Pub. Acts 1943, by which amendment the word "injury" could cover not only accident but also occupational diseases.

Some recent decisions where hernia is involved are: *Barry* v. *Briggs Manufacturing Co.*, 296 Mich. 137; *Hargrove* v. *Ford Motor Co.*, 313 Mich. 199. Each case must be decided on its own merits.

The award of the department is affirmed. Costs to plaintiff.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.