KASAREWSKI *v.* HUPP MOTOR CAR CORP.

1. WORKMEN'S COMPENSATION—CONSTRUCTION OF STATUTES.

 The workmen's compensation act should be construed as a whole, and, if possible, its various provisions should be so construed as to harmonize, rather than conflict, with each other.

2. SAME—OCCUPATIONAL DISEASE AMENDMENT—CONSTRUCTION OF STATUTES.

 The so-called occupational disease amendment must be read in connection with the balance of the workmen's compensation act, otherwise many of its provisions become meaningless (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—AMENDMENT OF ACT—CONSTRUCTION OF STATUTES—HERNIA.

 In view of the broadening of the scope of the workmen's compensation act by way of general amendment throughout the act, including part relating to occupational diseases, which changed the expression "accidental injury" to "personal injury," and inclusion of provision in such part that the term "personal injury" should include a disease or disability due to causes and conditions characteristic of and peculiar to the employment but specifically limiting compensation for hernia to cases where it was clearly recent in origin, where compensa-

tion is sought for a nonfortuitous hernia such limitation would apply (Act No. 10, pt. 2, § 1, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 245, Pub. Acts 1943).

4. SAME—NONFORTUITOUS AGGRAVATION OF PRE-EXISTING HERNIA.

The aggravation of a pre-existing hernia is not something wholly apart or disassociated from the hernia and, if the aggravation is not due to an accident the aggravation, although changing a nondisabling hernia to a disabling one, would not be compensable since it would not be clearly recent in origin (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

5. SAME—AGGRAVATED HERNIA.

Compensation for an aggravated hernia is nonetheless compensation for a hernia disability.

6. SAME—HERNIA NOT RECENT IN ORIGIN—AGGRAVATED HERNIA.

There is no room for distinction between hernia not clearly recent in origin and an aggravated pre-existing hernia (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted April 4, 1946. (Docket No. 19, Calendar No. 43,181.) Decided June 28, 1946.

Peter Kasarewski presented his claim for compensation for aggravation of pre-existing hernia against Hupp Motor Car Corporation, employer, and Travelers Insurance Company, insurer. Award to plaintiff. Reversed.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W. Kelman,* of counsel), for plaintiff.

*Buell A. Doelle,* for defendant.

NORTH, J. From an award of compensation to plaintiff, defendants bring this appeal. Plaintiff was an employee of defendant Hupp Motor Car Corporation approximately 16 months prior to the event

in consequence of which he seeks compensation. There is competent testimony in support of the department's finding that plaintiff had a right femoral hernia when he began working for the Hupp Motor Car Corporation. In his work he lifted material weighing from 60 to 77 pounds. On October 31, 1944, after he lifted a piece of material from the floor in the usual course of his work, he felt a pain in the region of his hernia. There was no fortuitous event. Plaintiff reported to his foreman there was something wrong with him and that he could not work. He obtained a pass from the foreman; and at the first aid department plaintiff was advised to consult his own physician. He went to his family physician and upon being urged to do so, underwent an operation. His hernia was surgically repaired on November 8th, and he returned to his employment January 15, 1945. His award of compensation was for total disability from October 31, 1944, to January 15, 1945, also for doctor and hospital bills.

The sole question presented by appellants is:

"Did the department of labor and industry err in holding that the aggravation of a pre-existing hernia by a nonaccidental event is compensable under the provisions of the Michigan workmen's compensation act?"

Plaintiff's position is indicated by the following headings in his brief:

"The plaintiff's claim is not based upon the provisions of part 7 of the workmen's compensation act, otherwise known as the occupational disease amendment, but * * * by virtue of part 2 of the act."

"The limitations regarding herniae expressed in part 7 do not govern or apply to claims arising under part 2 of the act."

"An injury caused by a nonfortuitous event is compensable by virtue of part 2 of the workmen's compensation act as amended in 1943."

Since the 1943 amendment (Act No. 245, Pub. Acts 1943) to the workmen's compensation act: "An employee, who receives a personal injury arising out of and in the course of his employment" * is entitled to compensation in the manner prescribed, but subject to restrictions or limitations in the act. Plaintiff's contention is that his right to compensation is controlled solely by part 2 from which the foregoing is quoted. In other words, plaintiff takes the position that his claim for compensation should be adjudicated in total disregard of part 7 of the compensation law. We are of the opinion that plaintiff's contention is not tenable, at least in so far as applied to nonfortuitous hernia cases. Instead, we think the compensation act, like all other statutes, should be construed as a whole; and if possible, its various provisions should be so construed as to harmonize, rather than conflict, with each other. In Justice BUTZEL's opinion in *Hagopian* v. *City of Highland Park,* 313 Mich. 608, 620, 626, he said:

"The act at all times had to be construed as a whole and parts coordinated together. * * * Part 7 must be read in connection with the balance of the act, otherwise many of its provisions become meaningless."

Throughout the workmen's compensation act a material change and a broadening of its scope was accomplished by a general change of the expression "accidental injury" to "personal injury" in the 1943 amendment. This modification, among others,

---

* Act No. 10, pt. 2, § 1, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1945 Cum. Supp. § 17.151).—REPORTER.

was made not only in part 2 of the act but also in part 7. And it is in part 7 of the act that a broadened scope is given to the term "personal injury" as used in the statute. The legislature there said: *"Whenever used in this act:* \* \* \* The term 'personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to" the employment (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 [Comp. Laws Supp. 1945, § 8485–1, Stat. Ann. 1945 Cum. Supp. § 17.220]); and in this same section a specific limitation is placed upon compensation for hernia in these words: "Provided, however, That a hernia to be compensable must be clearly recent in origin." It would be anomalous to hold that nonfortuitous "personal injury" resulting from hernia means one thing in one part of the act but something different in another part of the act. This is especially true in view of the fact that the 1943 amendment affected not only part 2 but part 7, as well as other parts of the act. Hence it would seem that compensation for "personal injury" incident to a hernia not caused by a fortuitous happening should be determined in the light of limitations in the statute applicable to compensation for hernia.

Plaintiff's theory is that he sustained a personal injury by reason of *aggravation* of a pre-existing hernia, which aggravation impaired his earning capacity. But we think it would be a clear evasion of the expressed purpose of the statute to hold that the aggravation is something wholly apart or disassociated from the hernia, and therefore aggravation of a pre-existing hernia is compensable in the face of the express statutory requirement that to be compensable a hernia "must be clearly recent in

origin.'' Compensation for an aggravated hernia is nonetheless compensation for a hernia disability. Under the express statutory provision, for the purpose of determining the right to compensation, there is no room for a distinction between hernia not clearly recent in origin and an aggravated preexisting hernia. In either case an award of compensation, if made, would be in consequence of hernia disability.

In *Barclay v. General Motors Corp.*, 309 Mich. 534, the plaintiff had a hernia which became worse or aggravated while he was in the defendant's employ. Plaintiff Barclay testified: ''The hernia had been getting worse and started to bother him just a few months after he went back to work and has bothered him 'on and off, all along.' '' On appeal to this Court denial of compensation was affirmed, two Justices dissenting. In the majority opinion we said:

''As to plaintiff's hernia the department found: 'that condition could not have been recent in origin notwithstanding the fact the condition was not previously disabling.' There was testimony to sustain this finding. It follows that plaintiff is not entitled to compensation because his hernia was not 'clearly recent in origin' as required by the statute.''

In like manner it must be held in the instant case that the aggravated hernia which caused plaintiff's disablement in October, 1944, was not recent in origin, and because of the restrictive provision in the statute plaintiff is not entitled to compensation. Our decision in *Riley v. Berry Bros. Paint Co.*, 293 Mich. 500, was made under the workmen's compensation law as amended in 1937,* but the pertinent provisions of the act are in effect the same as em-

---

* Act No. 61, Pub. Acts 1937.—REPORTER.

bodied in the 1943 amendment. In the *Riley Case* we said:

"And further, in cases of hernia the right to compensation is also restricted by the provision, not only that it must arise out of and in the course of the employment, but that it must be 'clearly recent in origin and resulting from a strain.' To adopt plaintiff's contention (that the provision in the statute that promptly reporting to the employer refers to his disablement rather than the occurrence of the hernia) would seemingly defeat the obvious purpose which led the legislature expressly to provide in hernia cases that the happening of the event must be 'promptly reported to the employer.' * * * Such appearing to be the purpose of the provision, it must be held not only to refer to the happening of the hernia, rather than to the happening of a subsequent disability, but it must also be held to be a mandatory provision."

While the above decision pertained to the requirement of prompt reporting of a hernia, the provision as to hernia being of recent origin is legally in the same category; and our decision denying compensation in the *Riley Case* is pertinent to decision in the instant case. See, also, *Caufield* v. *Ford Motor Co.,* 310 Mich. 555.

As hereinbefore noted, plaintiff contends that his right to compensation should be adjudicated solely under part 2 of the act, and that we should totally disregard the specific provision in part 7: "That a hernia to be compensable must be clearly recent in origin." In this respect plaintiff relies upon *Hargrove* v. *Ford Motor Co.,* 313 Mich. 199, and quotes therefrom the following:

"The qualification therein that a hernia, to be compensable, must be clearly recent in origin and result from a strain arising out of and in the course

of the employment and promptly reported to the employer (part 7, § 1) *is applicable only in occupational diseases.*"

But the quoted remark must be read in the light of the issue then before the Court, which was as follows: "Is *an accidental injury* which aggravates a pre-existing hernia and causes total disability compensable under part 2 of the workmen's compensation law?" We affirmed the award of compensation by the department; and we do not now depart from the holding that a hernia or an aggravation of a hernia *caused by an accident* arising out of and in the course of the employment which impairs the employee's earning capacity is compensable under part 2 of the act, and without regard to the restrictive hernia provisions in part 7. However, that is not the issue in the instant case. Instead, in the case at bar there is no claim of a fortuitous event. In passing upon plaintiff's claim for compensation for disability caused by nonaccidental aggravation of a pre-existing hernia, the restriction in part 7 of the act that the disabling hernia to be compensable must be recent in origin cannot be disregarded without doing violence to the express terms of the statute.

Plaintiff also calls attention to our recent decision affirming an award of compensation in *Anderson* v. *General Motors Corp.,* 313 Mich. 630. That holding did not involve disability resulting from a hernia, and hence is not at all controlling of decision in the instant case. The *Anderson Case* was not in any sense controlled by the restrictive statutory provision in part 7 of the act applicable to nonaccidental hernia disability. Nor does it appear that a like provision is included in the compensation law of the foreign jurisdictions from which plaintiff cites cases in support of his contention "that an employee doing his regular work in his regular manner, whereby he

sustains a hernia, suffers a compensable injury, irrespective of any previous weakness.''

In support of the proposition that ''disability caused by an aggravation of a pre-existing condition *by a compensable event''* is compensable, plaintiff cites the following cases. *La Veck* v. *Parke, Davis & Co.,* 190 Mich. 604 (L. R. A. 1916 D, 1277); *Bell* v. *Hayes-Ionia Co.,* 192 Mich. 90; *Hurley* v. *Selden-Breck Construction Co.,* 193 Mich. 197; and *St. Clair* v. *A. H. Meyer Music House,* 211 Mich. 285. Each of these cases is distinguishable from the case at bar because recovery in the four cases above cited was in no way restricted by the hernia provision now embodied in the act but which was not in the act when those decisions were rendered.

We conclude that the department of labor and industry was in error in holding that the aggravation of a pre-existing hernia by a nonaccidental event is compensable. The department's award is vacated. Costs to appellant.

Carr, Bushnell, Reid, and Starr, JJ., concurred with North, J.

Boyles, J. *(concurring).* I agree with what has been written by Mr. Justice North, but his statement that the 1943 amendment accomplished a broadening of the scope of the workmen's compensation law may be misconstrued unless a reservation is made. The scope of the act was not broadened by the 1943 amendment to the extent of making a personal injury compensable under part 2 of the act unless there was some fortuitous circumstance or event arising out of and during the course of the employment, resulting in disability. *Hagopian* v. *City of Highland Park,* 313 Mich. 608.

Butzel, C. J., and Sharpe, J., concurred with Boyles, J.