ARNOLD v. OGLE CONSTRUCTION COMPANY.

1. Workmen's Compensation—Finding by Commission—Accident —Evidence.

The Supreme Court must assume that occurrence by which a 69-year-old plaintiff strained muscles in his chest and back while lifting a heavy box did not involve an accident or fortuitous circumstance, where plaintiff's application for adjustment of claim did not allege the injury referred to was accidentally suffered or accompanied by any fortuitous circumstance, his testimony in such regard was impeached and the workmen's compensation commission regarded his testimony as open to question and failed to .find the injury was the result of an accident (CL 1948, § 413.12).

2. Same—Finding of Commission—Evidence—Carpenter.

Finding of workmen's compensation commission that 69-year-old plaintiff carpenter's disability was directly due to his

---

References for Points in Headnotes

[3, 7] 50 Am Jur, Statutes § 165 et seq.
[3, 4, 8, 10, 12] 50 Am Jur, Statutes §§ 162, 163, 204, 306, 310 et seq.
[3, 4, 8, 10, 12] Title of statutes as an element bearing upon their construction. · 37 ALR 927.
[5, 6, 10–12] 58 Am Jur, Workmen's Compensation §§ 243–247.
[5, 6, 10–12] Workmen's. compensation: Injury or death to which pre-existing physical condition of employee contributed. 19 ALR 95; 28 ALR 204; 60 ALR 1299.
[9] 11 Am Jur, Constitutional Law § 128 et seq.; 50 Am Jur, Statutes § 357.

injury, in disregard of the testimony of the medical experts that it was an aggravation of an arthritic condition known as osteoporosis, but supported by testimony of plaintiff must be accepted by the Supreme Court as conclusive (CL 1948, § 413.12).

3. STATUTES—AMENDMENT OF TITLE—ADDED PROVISIONS.

The fact that the title of an amended act was not changed except to cover the new provisions added to the act by the amendatory act clearly indicates a legislative intent not to otherwise change the law.

4. SAME—AMENDMENT—TITLE OF ACT.

The amendment of an act, including amendment of the title, must be construed in the light of the purpose sought to be accomplished.

5. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE AMENDMENT —ACCIDENTAL INJURIES.

The occupational disease amendment to the workmen's compensation act clearly recognized that the legislature continued to limit the right to compensation under provisions previously enacted to compensation for accidental injuries (PA 1912 [1st Ex Sess], No 10, as amended by PA 1937, No 61).

6. SAME—TITLE OF ACT—CONSTRUCTION—ACCIDENT.

The title of the workmen's compensation act, as amended, may not be so construed as to read out of it the restrictive term "accidental" as applied to payment of compensation for disability or death due to injuries or disease not covered by the occupational disease amendment to the act (PA 1912 [1st Ex Sess], No 10, as amended by PA 1937, No 61).

7. STATUTES—TITLE OF ACT—STATEMENT OF OBJECT.

The title of an act must embrace the object of the act and the body of the act must not be inconsistent with the title (Const 1908, art 5, § 21).

8. SAME—TITLE OF ACT—CONSTITUTIONAL LAW.

The provisions in the body of a statute must be read in the light of the general purpose set forth in the title under the provision of the Constitution requiring that the title express the object of the act (Const 1908, art 5, § 21).

9. SAME—CONSTRUCTION OF BODY OF AN ACT—AMENDMENTS.

The provisions of the body of a statute, including amendments thereto, will, if possible, be construed in such manner as to render them valid.

10. WORKMEN'S COMPENSATION—AMENDMENTS—TITLE—ACCIDENTAL.
    The fact that when amendments were adopted to remove the
    term "accident" or "accidental" from the workmen's com-
    pensation act, the legislature did not see fit to remove from
    the title of the act the term "accidental" as applied to the
    injuries for which workmen's compensation was required to
    be paid indicated legislative intent to retain such restric-
    tion except as to disability covered by the occupational
    disease amendment (PA 1912 [1st Ex Sess], No 10, as amend-
    ed by PA 1937, No 61).

11. SAME—AGGRAVATION OF A PREVIOUSLY-EXISTING NONOCCUPA-
    TIONAL DISEASE—ACCIDENT.
    The aggravation of a previously-existing nonoccupational dis-
    ease is not compensable as an injury under sections of the
    workmen's compensation act not covering occupational dis-
    ease unless the aggravating injury is accidental in character
    (CL 1948, § 412.1 et seq.).

12. SAME—NONACCIDENTAL AGGRAVATION OF ARTHRITIS.
    Except as to occupational diseases, the central object of the
    workmen's compensation act, as expressed in its title, is to
    "provide compensation for * * * accidental injury to or
    death of employees," hence the act does not authorize pay-
    ment of workmen's compensation for the nonaccidental ag-
    gravation of a pre-existing arthritic condition (Const 1908,
    art 5, § 21; CL 1948, § 411.1 et seq.).

    NORTH, C. J., and DETHMERS and BUSHNELL, JJ., dissenting.

Appeal from Workmen's Compensation Commis-
sion. Submitted January 18, 1952. (Docket No.
9, Calendar No. 44,833.) Decided June 2, 1952. Re-
hearing denied September 3, 1952.

Henry F. Arnold presented his claim for compen-
sation against Ogle Construction Company, employ-
er, and Hartford Accident & Indemnity Company,
insurer, for injury sustained while in its employ.
Award to plaintiff. Defendant appeals. Reversed
and remanded for vacation of award.

R. W. Nebel, for plaintiff.

McGinn & Fitzharris, for defendants.

CARR, J.  Plaintiff entered the employ of the defendant Ogle Construction Company on April 30, 1945.  On that day, while engaged with another employee in lifting a heavy box, he strained the muscles of his chest and back.  The injury was of such nature as to prevent plaintiff from continuing his employment.  He consulted a doctor of osteopathy by whom he was treated for some weeks.  On or about June 18, 1945, he obtained employment in maintenance work for another employer, continuing in such capacity until the end of the year.  It is his claim that in September, 1946, he undertook to engage in carpenter work but was unable to continue for more than a few days.

Following plaintiff's injury he received compensation for a period of 6 weeks and 5 days under the provisions of the workmen's compensation law.*  Apparently such payments were discontinued because of the belief that plaintiff had recovered and was physically able to resume employment.  At the time of the injury in question plaintiff was 69 years of age and had been engaged in carpenter work for many years.  Under date of September 20, 1948, he filed application for hearing and adjustment of claim with the workmen's compensation commission of the State, setting forth therein that he had sustained a personal injury while in the employ of the Ogle Construction Company on April 30, 1945, the nature of the disability resulting being stated as "strained back and chest muscles."  The application was duly heard before a deputy commissioner and an award of compensation made, which was affirmed by the compensation commission.  On leave granted defendants have appealed, claiming that under the facts

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 et seq. [Stat Ann 1950 Rev and Stat Ann 1951 Cum Supp § 17.141 et seq.]).

shown by the proofs taken before the deputy such award was not authorized.

In his application for adjustment of claim plaintiff did not allege that the injury referred to was accidentally suffered or was accompanied by any fortuitous circumstance. On the hearing before the deputy, however, he claimed, apparently for the first time, that he had slipped while lifting the box. His testimony in this regard was impeached and was apparently regarded by the workmen's compensation commission as open .to question. No finding was made that the injury for which compensation was sought was the result of an accident. The commission, on the evidence before it, having failed to make such finding it must be assumed by this Court that the occurrence did not involve an accident or fortuitous circumstance.

Counsel for appellants in their brief direct attention to evidence relating to plaintiff's physical condition preceding the injury in question. Shortly prior to the hearing before the deputy commissioner, plaintiff was, on December 27, 1948, examined by Dr. A. L. Swinton, a physician and surgeon, who testified in plaintiff's behalf with reference to his condition. The witness came to the conclusion that plaintiff had suffered for some time from a general arthritic condition originating before the injury on April 30, 1945, not curable, and "insidious and progressive" in nature. The opinion of the witness was summarized in the following statement:

"My belief is that this man's spine was beginning to show weakness prior to this accident; that he had a weakened spine, where even a minimum strain or injury could have activated it, called his attention to it, and aggravated the pain to such extent that he became and is now totally disabled.  *  *  *

"The condition we are dealing with is known as osteoporosis, which means an absorption of solid

lime salts of the bone, allowing them to become more easily collapsed and to fail to support the chest, head, upper part of the body. This or any sudden strain could have caused further collapse of the spine, which was gradually, I believe, taking place prior to the injury."

The testimony of Dr. Swinton as to plaintiff's arthritic condition was not materially different from that of defendants' medical expert, Dr. Harold Q. Groos. The witnesses were not in accord, however, with reference to the possible effect of the strain suffered by plaintiff on April 30, 1945, as an aggravation of the arthritic condition, or as to its relation to plaintiff's disability.

Appellants argue that plaintiff's claim for compensation must rest on the theory of an accidental aggravation of the arthritic condition. However, the commission in its opinion upholding the award made by the deputy apparently disregarded the testimony of the medical experts with reference to plaintiff's ailment and found that his disability was "directly due to his injury." Such finding has some support in the testimony of the plaintiff, and the replies made by Dr. Swinton to certain questions propounded to him may be interpreted as also supporting such conclusion. It must be said therefore that the finding by the commission is supported by testimony and must, in consequence, be accepted by this Court as conclusive. CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186).

The question presented in the case is whether a nonaccidental injury sustained by the plaintiff in the course of and arising out of his employment is compensable under part 2 of the workmen's compensation law. Such question has been considered by the Court in prior decisions. Its determination involves particularly the interpretation of certain provisions of part 2 of the compensation law, as amended

by PA 1943, No 245, and likewise the question of the validity thereof if given the force and effect indicated by the award of the compensation commission. Also involved is the scope of the title of said law, as amended by PA 1937, No 61.

In writing for affirmance of the award in the instant case Mr. Chief Justice North reaches the conclusion that the combined effect of the 2 amendments in question renders the act "sufficient to provide for an award of compensation for nonaccidental (occupational) injuries arising out of and in the course of the employment." As applied to the facts in the instant case such holding necessarily means that the right of compensation for a nonaccidental injury is not limited to disability compensable under part 7 of the law, added thereto by the act of 1937, but extends to and includes disability that is not the result of an occupational disease or of incidents peculiar to the nature of the work of the employee. I am not in accord with such conclusion.

It is not disputed that prior to the effective date of PA 1943, No 245, a strain received by an employee in the regular course of his employment, and arising therefrom, but not as the result of an accident or fortuitous circumstance, was not compensable. In summarizing the law in this respect in *Clifton* v. *Chrysler Corporation,* 287 Mich 87, it was said:

"In this State the law is settled that if the injury of which plaintiff complains was occasioned merely by his lifting something heavy in the regular course of his employment, there was no accident and plaintiff is not entitled to an award of compensation. *Williams* v. *National Cash Register Co.,* 272 Mich 553; *Waites* v. *Briggs Manfg. Co.,* 280 Mich 185; *Nagy* v. *Continental Die Casting Corp.,* 283 Mich 162. The burden is upon plaintiff to show the hap-

pening of an accidental injury arising out of and in the course of his employment."

The act cited amended the law by substituting in certain places the word "injury" in lieu of "accident" and likewise the word "accidental" was in certain instances deleted. In other provisions of the law the prior wording was retained in full, thus creating a question of the exact purpose and intent of the legislature. This phase of the controversy was discussed at some length by Mr. Justice BUTZEL in his opinion for reversal of the award in *Croff* v. *Lakey Foundry & Machine Company,* 320 Mich 581, 586, 589. Further discussion of such issue is not required. It is especially significant, however, that in the enactment of the 1943 amendments the legislature did not see fit to change the title.

The object of the act of 1937 was to enlarge the scope of the law to provide for the payment of compensation for disability resulting from occupational diseases. Shortly after the enactment of the law it was held in *Adams* v. *Acme White Lead & Color Works,* 182 Mich 157 (LRA1916A, 283, 6 NCCA 482, Ann Cas 1916D, 689), that the title was not sufficiently broad to cover provisions for such compensation. It was there said:

"If it were to be held that the act was intended to apply to such diseases, it would, insofar as it does so, be unconstitutional and in violation of section 21 of article 5 of the Constitution of this State, which provides that:

" 'No law shall embrace more than one object, which shall be expressed in its title.'

"That the act, if it were held to apply to and cover occupational diseases is unconstitutional insofar as it does so is shown by the fact that the body of the act would then have greater breadth than is indicated in the title. A careful analysis of the title of the act shows that the controlling words are

'providing compensation for accidental injury to or death of employees.' No compensation is contemplated except for such injuries. The prefatory words are generally dependent upon the above-quoted clause. The only compensation provided is for 'accidental injury to or death of employees,' and the last clause of the title restricts the right to compensation or damages in such cases 'to such as are provided by this act.' "

Because of this situation the legislature of 1937 found it necessary to broaden the title in such manner as to cover the addition to the law made by part 7. Prior thereto the title read:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees and methods for the payment of the same, establishing an industrial accident board, defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act."

To permit the inclusion of part 7 of the act, the legislature inserted in the title the words "disability or death resulting from occupational injuries or disease or" and also the words "and apportionment." The title as thus amended reads as follows, the inserted words being italicized for the sake of clarity:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the *disability or death resulting from occupational injuries or disease or* accidental injury to or death of employees and methods for the payment, *and apportionment* of the same, establishing an industrial accident board, defining

its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act."

The fact that the title was not changed except to cover the new provisions added to the act clearly indicates that the legislature did not intend to otherwise change the law. The term "accidental injury" was retained and now remains a significant part of the title. The amendment must be construed in the light of the purpose sought to be accomplished. No amendments were made to any section of the existing law. Obviously the addition of part 7 with its provisions for the payment of compensation for disability due to occupational disease was the object sought to be accomplished. The expression "occupational injuries" was used in connection with the word "disease" and the meaning and scope of the term appears from the provisions of part 7 as enacted by the legislature in 1937. Section 2 thereof was significant in that it clearly recognized that the legislature had in mind the provisions of part 2 limiting the right to compensation to accidental injuries. The said section provided in part as follows:

"The disablement of an employee resulting from an occupational disease or condition described in the following schedule shall be treated as the *happening of a personal injury by accident* within the meaning of this act." (Italics supplied.)

The Chief Justice states in his opinion that the amended title contemplated compensation for death or disability resulting from (1) occupational injuries, (2) disease, (3) accidental injuries. The conclusion would seem to follow that if the injury sustained by plaintiff in the instant case is held to be

compensable on the theory that it is an occupational
injury then injuries generally, sustained in the course
of employment and arising therefrom, are compen-
sable.   This is in accord with the action of the
compensation commission, but is not justified by a
proper interpretation of the title of the act.   It
means that every such injury is compensable even
though not resulting from accident or fortuitous
circumstances.   As a practical proposition this
means reading out of the title of the act the refer-
ence to "accidental injuries," making the phrase a
mere nullity.   I cannot believe that such was the
intention of the legislature.   The payment of com-
pensation for disability due to occupational injuries
or disease is governed wholly by part 7 of the law,
and the term "occupational injuries" must be given
the meaning suggested thereby.   The provisions
of part 2, here involved, may not be construed as
applicable to other than accidental injuries with-
out doing violence to the obvious legislative intent.

Article 5, § 21, of the Constitution of this State
(1908) requires that:

"No law shall embrace more than one object, which
shall be expressed in its title."

If the provisions in question in part 2 of the work-
men's compensation law are interpreted in the man-
ner indicated by the holding of the compensation
commission, such provisions are not within the scope
of the title, fairly construed, and are at variance
with its express provisions.   In other words we are
not dealing solely with the question whether the title
of a legislative enactment is sufficiently broad to
cover all of the matters set forth in the body of the
act, as in *Mackin* v. *Detroit-Timkin Axle Co.,* 187
Mich 8.   There is in fact an actual repugnancy be-
tween the title and such provisions if they are inter-
preted as requiring the payment of compensation

under part 2 for disability resulting from an injury not accidental in nature.

In *Vernor* v. *Secretary of State,* 179 Mich 157, 160 (Ann Cas 1915D, 128), in discussing the application of article 5, § 21, of the State Constitution, it was said:

"What is the constitutional test? We think it is that a title must embrace the object of the act, and the body of the act must not be inconsistent with the title."

In accordance with the general rule stated, it was held that provision for the specific taxation of motor vehicles could not, by amendment, be incorporated into an act providing, as indicated by its title, for the registration, identification and regulation of such vehicles operated on the public highways of the State. Likewise in *State Mutual Rodded Fire Insurance Co.* v. *Foster,* 267 Mich 118, 121, it was said:

"The body of the act must not contain provisions contrary to or not germane to the object stated in the title, since the title gives notice that no matters except those which it indicates will be found in the body."

The language above quoted from the opinion in *Adams* v. *Acme White Lead & Color Works, supra,* is squarely in point. See, also, *Rohan* v. *Detroit Racing Association,* 314 Mich 326 (166 ALR 1246).

The rule is too well established to require citation of authority that provisions of a statute will, if possible, be construed in such manner as to render them valid. The application of such rule requires that the provisions of part 2 of the workmen's compensation law, in question here, as amended by PA 1943, No 245, shall be interpreted as within the scope of the title and not repugnant thereto, and consequently as permitting the payment of compensa-

tion for disability resulting from accidental injuries only. If the legislature in the enactment of said amendments had intended any such drastic change in part 2, as is now claimed was made, I think that such purpose would have been expressed in clear and unequivocal terms by an affirmative statement to that effect. Likewise the reference to "accidental injury" would have been deleted from the title. The omission of such action furnishes cogent proof that it was not the purpose of the legislature to strike from part 2 the requirement that disability of an employee should not be compensable thereunder unless caused by an accidental injury sustained in the course of and arising out of the employment.

It may be noted, in passing, that this Court has, since the effective date of the 1943 amendment, recognized that the aggravation of a previously existing nonoccupational disease is not compensable under part 2 of the workmen's compensation law unless the aggravating injury is accidental in character. Such recognition necessarily implies that in certain instances, at least, compensation is not payable under the workmen's compensation law for nonaccidental injuries. *Kasarewski* v. *Hupp Motor Car Corp.*, 315 Mich 225, 232; *Mooney* v. *Copper Range Railroad Company*, 318 Mich 120.

Appellants rely on *Hagopian* v. *City of Highland Park*, 313 Mich 608. The facts there involved are analogous to those in the case at bar. An award of compensation by the commission was set aside by this Court, it appearing that the plaintiff's injury was not accidental or occasioned by any fortuitous circumstance. The purpose of the amendment of the title by PA 1937, No 61, was discussed at some length in the prevailing opinion. What was there said is applicable here.

In *Anderson* v. *General Motors Corp.*, 313 Mich 630, Mr. Justice NORTH, who wrote a concurring opinion for affirmance of the award in plaintiff's favor, distinguished the case from the *Hagopian Case* on the basis of the facts involved. It was specifically pointed out that Hagopian's affliction "was not a disease or disability which is due to causes and conditions which are 'characteristic of and peculiar to the business' or work in which he was engaged." From the language used in making the distinction it appears that Anderson's disability was deemed to have resulted from the nature of his work. There was evidence in the case indicating that he was required to repeatedly lift heavy articles. Medical testimony was introduced characterizing his condition as resulting from a "ruptured disk, ruptured nucleous polyposis." The commission in its finding referred to the strenuous work in which the claimant was engaged. The proofs clearly supported a conclusion that Anderson's disability resulted from conditions incident to his work. In the case at bar a different situation is presented. Plaintiff was employed as a carpenter. His work as such did not involve the continual lifting of heavy objects, at least so far as this record discloses. His disability resulted from an attempt on his part to assist in lifting a box of tools, a task that, because of his general arthritic condition, was beyond his strength. There was no accident or fortuitous circumstance involved, nor was his disability the result of incidents or hazards peculiar to his employment. Under the circumstances disclosed by the record he is not entitled to compensation.

In view of the consideration given in prior cases to the issue here involved, further discussion is not required. The case is remanded to the workmen's

compensation commission with directions to vacate the award. Defendants may have costs.

BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred with CARR, J.

NORTH, C. J. (*dissenting*). In considering this appeal Mr. Justice CARR has concluded that plaintiff is not entitled to further compensation. I cannot agree with that result. The ground of my Brother's holding seems to be as follows: "In his application for adjustment of claim plaintiff did not allege that the injury referred to was accidentally suffered or was accompanied by any fortuitous circumstance;" and the further fact that notwithstanding plaintiff testified his injury did result from an accident (slipping) the commission did not expressly so find as a basis of awarding compensation. The controlling issue is this: Since the 1943 amendment to the workmen's compensation act,* if other requisites are shown, is an employee who has sustained a personal injury arising out of and in the course of his employment or occupation entitled to compensation even though such injury is not accidentally caused? We have heretofore considered this issue somewhat at length. See *Hagopian* v. *City of Highland Park*, 313 Mich 608; *Anderson* v. *General Motors Corp.*, 313 Mich 630; *Croff* v. *Lakey Foundry & Machine Co.*, 320 Mich 581. In the *Hagopian Case* denial of compensation was ultimately because the record disclosed no causal connection between Hagopian's employment and his disability, which was found to be due to a noncompensable heart ailment with which he had been afflicted both prior to and subsequent to the date of his disability. In the *Anderson Case* the award of compensation was

---

* PA 1943, No 245.

affirmed, 2 of the 8 justices dissenting; and in the *Croff Case,* under facts quite identical with those in the instant case, an award of compensation was affirmed by an equally divided court. This phase of the law as reviewed in the cited cases, while still relied upon herein, need not be here repeated in detail; but it seems fitting to again note the following:

The real reason urged in support of the conclusion that nonaccidental injuries are not compensable, is that the title to the workmen's compensation act (as we repeatedly held prior to the 1937 amendment*) was not broad enough to permit awards of compensation under part 2 of the act for nonaccidental injury. This, we think, ignores the combined effect of the 1937 amendment and the 1943 amendment.

Prior to 1937 the act provided compensation only in event of *one cause* of a personal injury or death of an employee—*i.e., an accidental injury.* This limitation was expressed in the title which prior to the 1937 amendment (so far as here material) read:

"An act  *  *  *  providing compensation for the accidental injury to or death of employees."

But the title as amended in 1937 was and is not confined to a single ground—*i.e.,* accidental injury, for awarding compensation. Instead by the 1937 amended title the possible scope of the act was broadened so that it included 3 grounds or circumstances under which an injured employee (or his dependents in event of his death) might receive an award of compensation. This 1937 amended title (so far as material here) provides for "compensation for the disability or death resulting from

---

* PA 1937, No 61.

[1]* occupational injuries [2]* or disease [3]* or accidental injury to or death of employees."

While it is a fair inference that at the time the primary purpose of the 1937 amendment was to make the act ample to include occupational diseases, as specified, nonetheless it was also sufficient to include "occupational injuries" as well as accidental injuries. The reason that thereafter, and prior to the 1943 amendment, we repeatedly held a nonaccidental injury was not compensable was that the act itself in part 2 still provided for compensation only in event that the injury was accidentally sustained. Evidently to overcome this restriction the legislature in 1943 materially amended part 2 of the act. As noted by Mr. Justice BUSHNELL in the *Hagopian Case, supra,* "the words 'accident' and 'accidental' were used 54 times in the act before its amendment (in 1943) and now both words are used only 5 times;" and Justice BUSHNELL further comments:

"It is obvious to even the ordinary lay reader that the scope of the title of the act in question is sufficient to embrace the provisions of the 1943 amendment, and that this amendment in connection with the title does not offend or contravene the mandate of article 5, § 21, of the 1908 Constitution of this State."

If subsequent amendments to the body of an act would be within the scope of the title, if they had been enacted at the same time the title was amended, they should still be considered as within the amended title. In *Common Council of Detroit* v. *Schmid,* 128 Mich 379, 388 (92 Am St Rep 468), we said:

"It seems, therefore, that the law is fully settled in this State that whatever might have been incorporated into the original act under the title of such

---

* Bracketed matter supplied.

original act may be added by way of amendment under the most general title."

The last above quotation is approvingly embodied in *Surtman* v. *Secretary of State,* 309 Mich 270, 277. Thus, since the 1937 amendment to the workmen's compensation act we have an act entitled sufficiently broad to cover "occupational injuries" sustained by employees, provided such injuries arise out of and in the course of the employment—*i.e.,* that there be a causal relation. And in the body of the act, as amended in 1943, numerous changes were made by substituting "personal injury" for "accidental injury." Scarcely any reason for such changes can be given except that the legislature intended thereby to delete from the act the limitation that an injury sustained by an employee would not be compensable except it was caused accidentally or by some fortuitous circumstance.

In view of the foregoing we think it must be held that since the 1943 amendment an occupational injury suffered by an employee is not noncompensable merely because it is nonaccidental. It is not only interesting, but quite persuasive, that since the 1937 amendment no decision of this Court denying compensation has been bottomed solely on a holding that nonaccidental injuries are not included within the title to the act; although some denials have been adjudicated since the 1937 amendment and prior to the 1943 amendment on the ground that prior to its amendment in 1943 noncompensable injuries were not covered by part 2 of the act. But we hold that the combined effect of the 1937 amendment and the 1943 amendment renders the act, both as to title and subject matter covered by the 1943 amendment to part 2 of the act, sufficient to provide for an award of compensation for nonaccidental (occupational) injuries arising out of and in the course of the em-

ployment. In the instant case, as in the *Anderson Case, supra,* the personal injury arose out of and in the course of plaintiff's employment and the award should be affirmed.

The following observations concerning decisions cited in my Brother's opinion seem pertinent. In *Kasarewski* v. *Hupp Motor Car Corp.,* 315 Mich 225, the denial of compensation was solely on the ground that plaintiff's aggravation of hernia was not compensable because his hernia was not of recent origin and therefore was noncompensable under the express provisions of the statute. And in *Mooney* v. *Copper Range Railroad Co.,* 318 Mich 120, the award of compensation was affirmed by a unanimous decision since it was established that the employee's injury resulted from an accidental or fortuitous happening. Such has always been our holdings. Neither of the foregoing cases is particularly helpful to decision in the instant case.

The award of compensation should be affirmed, with costs to appellee.

DETHMERS, and BUSHNELL, JJ., concurred with NORTH, C. J.