MacLEAN *v.* STATE BOARD OF CONTROL FOR VOCATIONAL EDUCATION.

1. STATUTES—CONSTITUTIONAL LAW—TITLE OF ACT.

The Constitutional provision that no law shall embrace more than one object which shall be expressed in its title was designed mainly to prevent the legislature from passing laws not fully understood, that the legislature, in passing an act, should be fairly notified of its design, and that legislatures and parties interested might understand from the title that only provisions germane to the object therein expressed would be enacted (Const. 1908, art. 5, § 21).

2. SAME—TITLE OF ACT—PURPOSE OF ACT.

The title to an enactment is required to be expressive of the purpose and scope of the enactment and if the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title it is not an interloper but a part thereof and so proper as to be expected therein (Const. 1908, art. 5, § 21).

3. SAME—PURPOSE OF ACT AS EXPRESSED IN TITLE—PUBLIC INSTRUC-TION—PRIVATE COMMERCIAL SCHOOLS.

Purpose of statute, as expressed in its title, to provide a system of public instruction and primary schools and to provide for

the classification, organization, regulation and maintenance of schools and school districts does not embrace provisions for licensing and regulating private commercial or business schools (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 7582 *et seq.*).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—APPLICATION OF RE-
PEALED STATUTE.

Question as to whether or not provisions of a former act licensing private trade schools were applicable to private commercial school where provisions of superseding and repealing act relating thereto are found invalid is not before Supreme Court where not raised in the trial court (Act No. 192, Pub. Acts 1925; 2 Comp. Laws 1929, § 7582 *et seq.*).

5. SCHOOLS AND SCHOOL DISTRICTS—PRIVATE BUSINESS SCHOOL—
PLEADING—ADMISSIONS—STATUTES—INJUNCTION.

In suit by owner of private business school to enjoin State board of control for vocational education from interfering with plaintiff's school and from instituting proceedings against it because action was predicated upon a void statute, where bill alleged that a former statute regulating such schools had been repealed and allegation was admitted without qualification by defendants, latter may not claim former statute still in effect so as to bar maintenance of instant suit (Act No. 192, Pub. Acts 1925; 2 Comp. Laws 1929, § 7582 *et seq.*).

6. CONSTITUTIONAL LAW—DISPOSITION OF CASE ON OTHER GROUNDS—
QUESTIONS REVIEWABLE.

Questions of constitutionality of legislation are not decided where a case may be disposed of without such a determination.

7. COSTS—PUBLIC QUESTION—CONSTITUTIONAL LAW.

Upon affirmance of decree enjoining State board of vocational education from interfering with plaintiff's private commercial school, in which constitutionality of regulatory statutes was decided, no costs are allowed, a public question being involved (Const. 1908, art. 5, §'21; Act No. 192, Pub. Acts 1925; 2 Comp. Laws 1929, § 7582 *et seq.*).

Appeal from Wayne; George (Fred W.), J. Submitted April 9, 1940. (Docket No. 71, Calendar No. 41,011.) Decided June 3, 1940.

Bill by Lola MacLean, doing business as Detroit Commercial College, against State Board of Control

for Vocational Education and others for an injunction to restrain interference with plaintiff's school or institution of criminal proceedings.    Decree for plaintiff.    Defendant appeals.    Affirmed.

*Eugene A. Walling,* for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Andrew DeMaggio,* Assistants Attorney General, for defendants.

McAllister, J.    Plaintiff is engaged in conducting a commercial school, and filed a bill to enjoin defendants, the Michigan State Board of Control for Vocational Education, and Eugene B. Elliott, Alexander G. Ruthven, Robert S. Shaw, and Edna Wilson, as members of the board, from interfering with her school or instituting proceedings against it on the ground that such attempted action was predicated upon a void statute.    The trial court sustained her claim and issued the injunction prayed for.    Defendants appeal.

The principal question presented is whether plaintiff is required to obtain a license from the board before conducting and operating a commercial school and is obliged to comply with the rulings of the board and the provisions of Act No. 319, Pub. Acts 1927, as amended (see 2 Comp. Laws 1929, § 7094 *et seq.* [Stat. Ann. § 15.1 *et seq.*]), under penalty of fine and imprisonment.

The title of the act and its provisions and classification are as follows:

"An act to provide a system of public instruction and primary schools; to provide for the classification, organization, regulation and maintenance of schools and school districts; to prescribe their rights, powers, duties and privileges; to prescribe penalties for viola-

tions of the provisions of this act; and to repeal all acts inconsistent herewith.

*"The People of the State of Michigan enact:*

"PART I

"CLASSIFICATION, FORMATION AND ORGANIZATION OF SCHOOL DISTRICTS

"CHAPTER 1

"CLASSIFICATION

"SECTION 1. Hereafter, except as otherwise provided in this act, each and every school district shall be organized and conducted as:"

The section then provides for a classification of seven different kinds of school districts.

This act, known as the school code, is 164 pages in length; 132 pages precede part 2, chap. 24, § 1, which provides for the licensing, supervision, and regulation of private trade schools, and provides penalties for noncompliance.

Const. 1908, art. 5; § 21, provides, in part:

"No law shall embrace more than one object, which shall be expressed in its title."

The constitutional provision was designed mainly to prevent the legislature from passing laws not fully understood, *Thomas* v. *Collins*, 58 Mich. 64; it was intended that the legislature, in passing an act, should be fairly notified of its design, *Attorney General, ex rel. Longyear,* v. *Weiner,* 59 Mich. 580; and that legislatures and parties interested might understand from the title that only provisions germane to the object therein expressed would be enacted, *Blades* v. *Board of Water Commissioners of Detroit,* 122 Mich. 366; and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection, but with a view to combining in their favor the advocates of all—or what is commonly spoken of

as log-rolling in legislation. *State Mutual Rodded Fire Ins. Co.* v. *Foster*, 267 Mich. 118.

It was said by Mr. Justice WIEST in the case of *In re Lewis' Estate*, 287 Mich. 179, 183:

"The title to an enactment is required to be expressive of the purpose and scope of the enactment. If the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title it is not an interloper but a part thereof and so proper as to be expected therein."

Was the object of licensing and regulating private business schools fairly indicated in the title of the act? We think not. It would be impossible to read the title of the act and reach any reasonable conclusion of intention by the legislature to regulate private commercial schools. Such an object certainly could not be included within the purpose that is expressed: "to provide a system of public instruction and primary schools." The application of the statute to private business schools could only be justified if the provision in question comes within that portion of the title, "to provide for the classification, organization, regulation and maintenance of schools and school districts." But this object is clearly concerned with public education. The entire classification in chapter 1 of the statute is concerned with school districts—obviously of public concern—and the purpose expressed in "organization, regulation and maintenance of schools and school districts" can, likewise, only be reasonably understood to refer to the system of public schools. The title of the act does not indicate the inclusion of such private commercial schools to be within the general scope, intent, and purpose of the law, and the provision of part 2, chap. 24, § 1, is, therefore, invalid.

It is contended, however, by appellants that, if the pertinent provisions of Act No. 319, Pub. Acts 1927,

as amended by Act No. 109, Pub. Acts 1929 (2 Comp. Laws 1929, § 7582 *et seq.* [Stat. Ann. § 15.625 *et seq.*]), are invalid, the repeal in said act of a former statute, Act No. 192, Pub. Acts 1925, entitled: "An act to provide for the licensing of private trade schools in Michigan," is ineffective, and that the act therein sought to be repealed was not repealed and is still in effect. It is, therefore, contended that plaintiff's bill should be dismissed, as under the prior statute defendants are authorized to license and regulate plaintiff's school. This question is not properly before us, as it was not raised in the trial court, and according to the pleadings, it was not sought to enforce such statute. It further appears that the act in question was repealed, and in answer to the tenth paragraph of plaintiff's bill of complaint, alleging that Act No. 192, Public Acts 1925, was specifically repealed by Act No. 319, Public Acts 1927, defendants admitted such allegation without qualification or reservation. Defendants' contention in this regard, therefore, cannot be sustained.

Other interesting questions are argued with reference to the unconstitutionality of licensing and regulation of private schools by the State; but under the familiar rule that questions of constitutionality are not decided where a case may be disposed of without such a determination, *Smith* v. *Curran,* 267 Mich. 413 (94 A. L. R. 766), we do not consider these contentions.

Decree affirmed, no costs being allowed, as a public question is involved.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.