PEOPLE *v.* STANLEY.

1. CRIMINAL LAW—MOTION TO DISMISS APPEAL—APPEAL AS OF RIGHT
   —QUESTIONS REVIEWABLE.

   The question presented by the people's motion to dismiss appeal
   because defendant in a criminal case had proceeded to appeal
   as of right without attempting .to obtain leave to appeal as
   provided in the code of criminal procedure involves the ques-
   tion as to whether the Supreme Court has constitutional as
   well as statutory authority to promulgate and enforce rules
   governing the procedure whereby jurisdiction is obtained to
   review a conviction and sentence in such cases, whether the
   Supreme Court has made such rules and whether their pro-
   cedure has been followed in the case (CL 1948, § 650.1, as
   last amended by PA 1954, No 53; §§ 691.21, 770.3; Court
   Rules Nos 55–60 [1945]).

2. COURTS—COURT RULES—APPELLATE PROCEDURE.

   The legislature has authorized the Supreme Court to make rules
   regulating appellate procedure (CL 1948, § 691.21).

3. SAME—SUPREME COURT—COURT RULES.

   The Supreme Court has inherent constitutional authority to exercise
   rule-making powers, including those pertaining to its own
   practice and procedure (Const 1908, art 7, § 5).

4. SAME — SUPREME COURT — APPELLATE JURISDICTION — CRIMINAL
   CASES.

   The Supreme Court has the authority to make and enforce rules
   governing the procedure to be followed in invoking its appellate
   jurisdiction for the review of convictions and sentences in
   criminal cases (Const 1908, art 7, § 5).

5. SAME—COURT RULES—WRITS OF ERROR.

   The Supreme Court takes judicial notice of its records and files
   showing that court rules adopted in 1933 and 1945 have

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 12] 2 Am Jur, Appeal and Error § 226.
[2–5] 14 Am Jur, Courts § 150 *et seq.*
[6] 50 Am Jur, Statutes § 538.
[7] 50 Am Jur, Statutes § 159 *et seq.*
[8] 50 Am Jur, Statutes §§ 165, 166.
[9–11] 50 Am Jur, Statutes § 177.
[13] 14 Am Jur, Costs §§ 37, 91.

controlled as to the method of invoking the appellate juris-
diction of the Court and that the method of review by issuing
a writ of error has not been used since such rules were adopted.

6. STATUTES—REPEALS BY IMPLICATION ARE NOT FAVORED.

A repeal by implication, and perhaps by inference and indirec-
tion, is not favored in the law.

7. SAME—TITLE OF ACT—JUDICATURE ACT—CODE OF CRIMINAL PRO-
CEDURE.

The titles to the judicature act and the code of criminal pro-
cedure show a legislative intent that the practice and procedure
in civil cases should be separate from that in criminal cases
(CL 1948, § 600.1 *et seq.*, § 760.1 *et seq.*).

8. CONSTITUTIONAL LAW—STATUTES—TITLE OF ACT.

The provision of the Constitution that "no law shall embrace
more than one object, which shall be expressed in its title"
is designed to prevent "log-rolling" in legislation and to
prevent clauses being inserted in bills of which the titles
give no intimation and their passage secured through legis-
lative bodies whose members were not generally aware of
their intention and effect (Const 1908, art 5, § 21).

9. STATUTES—TITLE OF ACT—PURPOSE OF ACT.

The purpose of an act must be indicated by its title and the
body of the act must not be inconsistent with the title (Const
1908, art 5, § 21).

10. SAME—TITLE OF ACT—AMENDMENT.

The title of an act must indicate its purpose and the purpose of
the statute cannot be changed by an amendment.

11. CRIMINAL LAW—APPELLATE PROCEDURE—TITLE OF ACT—LEAVE
TO APPEAL.

Provision of act amending the judicature act, to the effect that
writs of error should issue as of course "in final judgment in
all criminal cases involving the personal liberty of a party
thereto when the judgment is against such party" offends
provision of the Constitution as to the title of an act and
does not control procedure in a criminal case, it being nec-
essary that a defendant in a criminal case obtain leave to
appeal in order to have case heard by the Supreme Court
(Const 1908, art 5, § 21; CL 1948, § 650.1, as amended by
P.A. 1954, No 53; § 770.3; Court Rule No 60, § 2[a], par 3
[1945]).

12. SAME—LEAVE TO APPEAL—DELAYED APPLICATION.

The fact that a defendant has taken an appeal as a matter of

right under a statute herein declared unconstitutional does not preclude him from obtaining leave to appeal by making timely application and proper showing within such further time as may be permitted by statute (Const 1908, art 5, § 21; CL 1948, § 650.1, as amended by PA 1954, No 53; § 770.2; Court Rules No 57, § 3, No 60, § 2[a], par 3 [1945]).

13. Costs—Public Question—Constitutional Law.
No costs are allowed in action wherein statute, purporting to grant writs of error in criminal cases as a matter of right, is held unconstitutional, a public question being involved (Const 1908, art 5, § 21; CL 1948, § 650.1, as amended by PA 1954, No 53; § 770.3).

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted October 13, 1955. (Docket No. 90, Calendar No. 46,561.) Decided March 1, 1956.

Daniel William Stanley was convicted of driving away motor vehicle without authority. Appeal taken without first obtaining leave to appeal. Appeal dismissed without prejudice.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Samuel Brezner, Angelo A. Pentolino* and *Samuel J. Torina,* Assistant Prosecuting Attorneys, for plaintiff.

*John D. O'Connell,* for defendant.

Boyles, J. The first question in this case, which, however, could control the result, is whether an appeal to this Court in a criminal case, merely by filing a claim of appeal, will confer jurisdiction here to review a criminal case, where the appellant has not first obtained leave to appeal.

In 1953 the defendant-appellant Daniel William Stanley was tried by jury, convicted and sentenced

in the recorder's court for Detroit for taking possession of and driving away a motor vehicle belonging to another without authority, under section 413 of the penal code.* On July 29, 1954, appellant's motion for a new trial was denied by the trial court and on January 21, 1955, he filed a claim of appeal under Court Rule No 56, § 1, and Court Rule No 57, § 1 (1945), without first obtaining leave to appeal. On June 10th the attorney general and the prosecuting attorney for Wayne county joined in filing in this Court a motion to dismiss the appeal on the ground that the defendant-appellant had proceeded to appeal *as of right,* without attempting to obtain leave to appeal as prescribed in CL 1948, § 770.3 (Stat Ann 1954 Rev § 28.1100),† and Court Rule No 60, § 2(a), par 3 (1945). Hearing on this motion was deferred for later consideration when the record and briefs on appeal had been filed.

On April 5, 1955, the trial judge settled a bill of exceptions in the cause upon a stipulation signed by the prosecuting attorney and counsel for the defendant that the bill of exceptions might be settled without prejudice to the right of the people to move in this Court for a dismissal of the appeal because the defendant had not applied for or obtained leave to appeal. The certificate of the trial judge in certifying to the bill of exceptions stated:

"that defendant has proceeded to appeal as of right, claiming under authority of PA 1954, No 53, without having obtained prior leave from the Supreme Court, and that by stipulation of counsel, settlement of the bill of exceptions herein is without prejudice to the people's right to move in the Supreme Court for a

---

* CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645).

† "Writs of error in criminal cases shall issue only in the discretion of the Supreme Court or any justice thereof, on proper application therefor."

dismissal of the appeal by reason of defendant's failure to apply for and obtain leave to appeal."

The motion as well as the case has now been submitted here on briefs. Preliminary to a decision on the case itself, it is necessary to consider and decide the motion to dismiss. If the appeal is dismissed, the Court will not reach a consideration of any other question raised in the briefs in the case.

At the outset, in our consideration of the motion to dismiss, it must be made plain that the Court is not passing upon the defendant's *right* to appeal, and to have in this Court a review of his conviction and sentence. The question here relates to procedure. It involves the questions whether this Court has constitutional (as well as statutory) authority to promulgate and enforce rules governing the procedure whereby we obtain jurisdiction to review a conviction and the sentence in a criminal case; whether we have made such rules; and whether their procedure has been followed in the instant case.

There can be no question but that the legislature has authorized this Court to make rules regulating appellate procedure. In 1929, subsequent to the enactment of the Judicature Act (1915) and the code of criminal procedure (1927), hereinafter discussed, the legislature passed PA 1929, No 27,* titled:

"An act to authorize the Supreme Court to make rules regulating appellate procedure,"

which states:

"The Supreme Court may, by general rules, provide simplified forms, methods, and procedure by which such Court and other courts of record shall exercise the appellate jurisdiction conferred upon them by law, and such rules, while in force, shall be controlling, *any statutory provision to the contrary*

* CL 1948, § 691.21 (Stat Ann § 27.111).

*notwithstanding:* Provided, That no right to a review conferred or preserved by the Constitution of this State shall thereby be denied or diminished." (Italics supplied.)

See, also, PA 1927, No 377, which required the governor to appoint, before June 1, 1927, a commission of 5 attorneys to confer with the Supreme Court, suggest revised rules of practice and procedure in the Supreme Court and all other courts of record and a simplified method of appellate procedure, and report the same to this Court. These acts later led to the adoption of the present court rules governing appeals, by filing a claim of appeal, or by obtaining leave to appeal (Rule No 60).

Aside from the aforesaid statutory authority, this Court, on many occasions, has recognized and relied upon its inherent constitutional authority to exercise rule-making powers, including those pertaining to its own practice and procedure. The power to regulate its procedure inherently rests in the Supreme Court. *Brown* v. *Buck, Kalamazoo Circuit Judge,* 75 Mich 274 (5 LRA 226, 13 Am St Rep 438); *Behr* v. *Baker,* 257 Mich 487; *Pear* v. *Graham,* 258 Mich 161; *Attorney General* v. *Lane,* 259 Mich 283; *People* v. *Hurwich,* 259 Mich 361, 372; *In re Widening Woodward Avenue,* 265 Mich 87, 90, 91; *Jones* v. *Eastern Michigan Motorbuses,* 287 Mich 619; *St. John* v. *Nichols,* 331 Mich 148, 159; *Tomlinson* v. *Tomlinson,* 338 Mich 274, 276–278; *In re Koss Estate,* 340 Mich 185, 189. Also, as to the nature, right of review and method of review by appeal in criminal cases, see 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), §§ 786, 787, and cases cited.

"The Supreme Court shall by general rules establish, modify and amend the practice in such Court and in all other courts of record, and simplify the same." Mich Const (1908), art 7, § 5.

This Court has the authority to make and enforce rules governing the procedure to be followed in invoking the appellate jurisdiction of this Court for the review of convictions and sentences in criminal cases. Such rules have been adopted and are in force.* In the instant case appellant admits that he has not complied with the rules, not having sought or obtained leave to appeal.

This takes us to the question whether the statutory procedure for issuing "writs of error," the nomenclature used in the legislative enactments hereinafter referred to, with particular reference to the judicature act and the amendment thereto by PA 1954, No 53 (Stat Ann 1955 Cum Supp § 27.2591), on which appellant relies, controls the manner of, and the procedure for, taking appeals to this Court in criminal cases.† In that connection, the Court will take judicial notice of its records and files, which show since these rules were adopted in 1933 and again in 1945 they have controlled, as to the method of invoking the appellate jurisdiction of the Court, and that the method of review by issuing a writ of error has not been used during that time. Apparently, in practice, that method has been superseded by the rules.

The Michigan Constitution provides:

"The Supreme Court shall have a general superintending control over all inferior courts; and shall have power to issue writs of error, habeas corpus, mandamus, quo warranto, procedendo and other original and remedial writs, and to hear and determine the same. In all other cases it shall have appellate jurisdiction only." Article 7, § 4, Mich Const (1908).

The legislature has implemented the constitutional provision as applied to writs of error, as follows:

---

* Court Rules Nos 55–60, inclusive (1945).

† The Court Rules designate the review as being taken by filing a claim of appeal; not by issuing a writ of error.

"Sec. 9. The Supreme Court shall have a general superintending control over all inferior courts, to prevent and correct errors and abuses therein, where no other remedy is expressly provided by law, and shall have also jurisdiction of suits, actions and matters brought before it by writ of certiorari or writ of error, when the same shall be allowed by law to any inferior court, to magistrates and other officers, as well in cases of prosecution for any offense, misdemeanor or penalty, in the name of the people of this State, as in other cases." PA 1915, No 314, chap 1, § 9 (The judicature act of 1915 [CL 1948, § 601.9 (Stat Ann § 27.29)]).

The legislature has further implemented the constitutional provision by referring directly to writs of error, as follows:

"Sec. 1. Writs of error upon any final judgment or determination, where the judgment exceeds in amount $500, or where judgment has been rendered upon a directed verdict for defendant in cases involving a claim of more than $500, *and in final judgment in all criminal cases involving the personal liberty of a party thereto when the judgment is against such party,* may issue, of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same Court; and in all other cases such writ may issue in the discretion of the Supreme Court or any justice thereof upon proper application: Provided, however, That if said case involves a construction of the Constitution or of any statute of this State, or any matters of great public importance or involves the contest of a will, such application need only show such fact *and, when filed, the writ of error shall issue of course.*" (Italics supplied.) Section 1, chapter 50, judicature act, *supra* (CL 1948, § 650.1, as amended by PA 1953, No 4, and PA 1954, No 53 [Stat Ann 1955 Cum Supp § 27.2591]).

The concluding italicized words, as above indicated, were added to this section by PA 1953, No 4.

This section was again amended by PA 1954, No 53, in which amendment the above concluding italicized words were re-enacted and also there was added to this section the other italicized language as above indicated.

This section, as last amended by PA 1954, No 53, is now relied upon by the appellant as the basis for his claim that by filing a claim of appeal under Court Rules No 56, § 1, and No 57, § 1 (1945), and also by applying for a writ of error, he is entitled to a writ of error of course, and an appeal, without first filing an application for and obtaining leave to appeal. Reference will again be made to said amendment later in this opinion.

Subsequent to the enactment of the judicature act, *supra,* a "code of criminal procedure" was enacted by the legislature in 1927 (PA 1927, No 175 [CL 1948, § 760.1 *et seq.,* as amended (Stat Ann 1954 Rev § 28.841 *et seq.,* as amended)]). The title of said code of criminal procedure as applicable here, states that it is

"An act to revise, consolidate and codify the laws relating to *criminal procedure* and to define the jurisdiction, powers, and duties of courts and of the judges and other officers thereof under the provisions of this act;  *  *  *  to provide for procedure relating to new trials, appeals, *writs of error* and bills of exception *in criminal causes.*"    (Italics supplied.)

Said code of criminal procedure also provides as follows:

"Writs of error in criminal cases shall issue only in the discretion of the Supreme Court or any justice thereof, on proper application therefor." PA 1927, No 175, chap 10, § 3 (CL 1948, § 770.3 [Stat Ann 1954 Rev § 28.1100]).

It further provides:

"As soon as practicable after the passage of this act the Supreme Court shall adopt such rules of practice as may be necessary to carry out the provisions of said act." PA 1927, No 175, chap 10, § 14 (CL 1948, § 770.14 [Stat Ann 1954 Rev § 28.1111]).

"All acts and parts of acts relative to exceptions before sentence in criminal cases, and all other provisions of law inconsistent with the provisions of this chapter, are hereby expressly repealed." PA 1927, No 175, chap 10, § 15 (CL 1948, § 770.15 [Stat Ann 1954 Rev § 28.1112]).

The appellant relies on PA 1954, No 53, hereinbefore referred to, on which to base his claim that we have jurisdiction of his appeal, without his having first obtained leave to appeal. Particularly, appellant relies on the provision therein that a "writ of error" shall be issued as "of course."

It should be noted that the title to the judicature act, *supra,* which PA 1954, No 53, purports to amend, obviously was intended to apply to, and in express terms does apply to, "the forms of *civil* actions; the time within which *civil* actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in *civil* actions and proceedings in said courts." Nowhere does the title of the act, nor the provisions in the act itself, expressly apply to appeals in criminal cases. To the contrary, the legislature, as before indicated, subsequently enacted the code of criminal procedure, applying specially and solely to that subject. Appellant claims that PA 1954, No 53, applies to appeals in criminal cases, although in order to do so it would amend the code of criminal procedure, notwithstanding it makes no reference to its provisions. PA 1954, No 53, as construed by appellant, would be read to provide that the appellant may invoke the jurisdiction of

this Court by having a "writ of error" issued by the Court "of course." If this construction were adopted, it would repeal section 3, chapter 10, of the code of criminal procedure wherein that section expressly requires that "writs of error in criminal cases shall issue only in the discretion of the Supreme Court or any justice thereof, on proper application therefor" (hereinbefore quoted). Such a repeal by implication, and perhaps by inference and indirection, is not favored in the law. We doubt that the legislature should be considered to have intended such a repeal, by this amendment (PA 1954, No 53) to the civil practice act.

. The title of the judicature act* negatives a conclusion that it was intended by the legislature to apply to procedure in criminal cases. The later enactment of the code of criminal procedure, without making reference to the judicature act, shows the legislative intent. These 2 acts were obviously intended by the legislature to apply to the practice and procedure in civil cases separate from that in criminal cases. A mere reading and comparison of the titles of the judicature act and of the code of criminal procedure can lead to only one conclusion— one was intended by the legislature to refer to practice and procedure in civil cases, and the other to criminal procedure.

"The Constitution 1908 (art 5, § 21), provides that—

" 'No law shall embrace more than *one object, which shall be expressed in its title.'*

"This provision was adopted in our first Constitution, and has remained in the several subsequent revisions without change. Its purpose and the effect to be given to it by the legislature have been many times discussed and passed upon by this Court. It may be said at the outset that the provision is de-

---

* See CL 1948, § 600.1 *et seq.* (Stat Ann § 27.1 *et seq.*).—REPORTER.

signed to serve 2 purposes. *First,* to prevent action by the legislature without receiving the concurrence therein of the requisite number of members by— 'bringing together into 1 bill subjects diverse in their nature, and having no necessary connection, with a view to combine in their favor the advocates of all.' —what is commonly spoken of as log-rolling·in legislation—and also to prevent clauses being— 'inserted in bills of which the titles gave no intimation, and their passage secured through legislative bodies whose members were not generally aware of their intention and effect.' *People* v. *Mahaney,* 13 Mich 481, 494, 495, and, *second,* to 'challenge the attention' of those affected by the act to its provisions. *People* v. *Wohlford,* 226 Mich 166, 168." *Commerce-Guardian Trust & Savings Bank* v. *State of Michigan,* 228 Mich 316, 330, 331.

See, also, *MacLean* v. *State Board of Control for Vocational Education,* 294 Mich 45, 48, 49; *Leininger* v. *Secretary of State,* 316 Mich 644, 648, 649.

The purpose of an act must be indicated by its title, and the body of the act must not be inconsistent with the title. The title must indicate its purpose, and the purpose of the statute cannot be changed by an amendatory act. *Vernor* v. *Secretary of State,* 179 Mich 157 (Ann Cas 1915D, 128). An amendment to a statute including matter foreign to the title is invalid. *Stewart* v. *Father Matthew Society,* 41 Mich 67.

See, also, *Adams* v. *Acme White Lead & Color Works,* 182 Mich 157 (LRA1916A, 283, 6 NCCA 482, Ann Cas 1916D, 689); *State Mutual Rodded Fire Ins. Co.* v. *Foster,* 267 Mich 118; *Arnold* v. *Ogle Construction Co.,* 333 Mich 652.

PA 1954, No 53, offends article 5, § 21, of the Michigan Constitution (1908) and does not control the procedure here. Because the appellant admittedly has not sought and obtained leave to appeal, under the above rules, his case is not here on appeal.

However, it is proper to add that appellant's failure, under said rules, to bring his case here for review, does not mean an inflexible or necessarily final inhibition against this Court receiving jurisdiction to review his case.   Section 3, Court Rule No 57 (1945), provides that an appellant, upon timely and proper showing within such further time as may be permitted by statute, may make a delayed application and obtain delayed leave to appeal.

For the reasons stated herein, an order will be entered granting the motion to dismiss the appeal, without prejudice to appellant's filing a timely delayed application for leave to appeal.   In view of this conclusion, other questions raised do not require consideration.

Motion to dismiss granted.   No costs, a public question being involved.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, and CARR, JJ., concurred.

BLACK, J., took no part in the decision of this case.