SUITS v THE CHARTER TOWNSHIP OF MERIDIAN

1. STATUTES—ORDINANCES—CONSTITUTIONAL LAW—VAGUENESS—
   VAGUENESS STANDARD.

   The standard to be applied in determining the constitutional
   issue of vagueness in an ordinance is whether the terms are so
   vague that men of common intelligence must necessarily guess
   as to their meaning and differ as to their application.

2. OBSCENITY—ORDINANCES—CONSTITUTIONAL LAW—VAGUENESS—
   CONSTRUCTION OF ORDINANCES—OFFENSIVE SEXUALLY EXPLICIT
   MATERIAL—PUBLIC DISPLAY.

   An ordinance which prohibits the public display of offensive
   sexually explicit material is not unconstitutionally vague where
   no man of common intelligence could read the language of the
   ordinance and come to any other conclusion than that the
   prohibition covers display of offensive sexually explicit material
   easily seen by the public from the locations specified in the
   ordinance; the prohibition does not cover publications which
   contain, between their covers only, visual representations of
   offensive sexually explicit material (Township of Meridian Ordi-
   nance No. 45).

3. OBSCENITY—STATUTES—PREEMPTION—ORDINANCES.

   The state has not preempted the obscenity field where the state
   obscenity statutes neither expressly provide for preemption nor,
   standing alone or together, regulate every area of the field
   (MCLA 600.2938, 750.34a *et seq.*).

Appeal from Ingham, Donald L. Reisig, J. Sub-
mitted Division 2 March 5, 1975, at Lansing.
(Docket No. 20973.) Decided April 9, 1975.

Complaint by Alan P. Suits and Suits News

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 346.
[2] 50 Am Jur 2d, Lewdness, Indecency and Obscenity §§ 5, 18.
[3] 50 Am Jur 2d, Lewdness, Indecency and Obscenity, §§ 3, 4.

Company, Inc., against the Charter Township of Meridian for a declaratory judgment that an ordinance is unconstitutional. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Dickinson, Wright, McKean & Cudlip* (by *Peter S. Sheldon),* for plaintiffs.

*Foster, Lindemer, Swift & Collins, P. C.,* for defendant.

Before: QUINN, P. J., and BASHARA and N. J. KAUFMAN, JJ.

QUINN, P. J. This declaratory judgment action was filed by plaintiffs to have defendant's ordinance no. 45, a copy of which is appended to this opinion, declared unconstitutional. Plaintiffs moved for summary judgment. By written opinion, the trial court upheld the ordinance; summary judgment entered in favor of defendant, and plaintiffs appeal.

Plaintiffs assert a three-pronged attack on the ordinance:

1. The ordinance is unconstitutionally vague in failing to define sufficiently its terms in a manner which will reasonably inform plaintiffs of that conduct which will subject them to possible criminal prosecution.

2. The subject matter of the ordinance has been preempted by state statutory regulations.

3. The ordinance is in conflict with state laws.

Citing the same authority, *Connally v General Construction Co,* 269 US 385; 46 S Ct 126; 70 L Ed 322 (1926), all parties agree on the standard to be applied in determining the vagueness issue. Are the terms so vague that men of common intelli-

gence must necessarily guess as to their meaning and differ as to their application?

Plaintiffs first contend that the term "public display", read in conjunction with other sections of the ordinance, is so vague that reasonable men may honestly disagree as to whether the prohibition is against visual representations of offensive sexually explicit material alone or whether it applies as well to the publications which contain, between their covers only, visual representations of offensive sexually explicit material. We reject the argument because we are unable to read the language of the ordinance as supporting the argument.

With respect to visual representations, the ordinance states, "In the context of photographs, drawings, sculptures or other visual representations, 'public display' shall mean the placing of materials within the definition of sub-paragraph 'A' and 'B' on or in a newsstand, display rack, window, showcase, display case or similar place so that said material is easily visible from a public thoroughfare * * * ".

Nothing contained between the covers of a publication could be visible without opening the publication. No man of common intelligence could read the language of the ordinance quoted above and come to any other conclusion than the prohibition covers display of offensive sexually explicit material easily seen by the public from the locations specified in the ordinance. This interpretation conforms with the purpose of the ordinance as expressed in its preamble, and no other interpretation is possible without a strained construction of the language of the ordinance.

When "public display" is interpreted in the manner indicated above, plaintiffs' other argu-

ments on the subject of vagueness lose all persuasion.

Neither the state criminal obscenity statutes, MCLA 750.343a *et seq.;* MSA 28.575(1) *et seq.,* nor the civil obscenity statute, MCLA 600.2938; MSA 27A.2938, expressly preempt the obscenity field. If either statute or the statutes taken together regulate every area of the obscenity field, then we may say that the state has preempted the field. However, the ordinance before us demonstrates one area not statutorily covered. Standing alone or together, the state obscenity statutes do not regulate "public display" of offensive sexually explicit material. We decline the preemption argument and suggest that plaintiffs' policy argument that preemption should occur in this area of the law is one for legislative consideration.

Assuming that the civil obscenity statute, MCLA 600.2938, *supra,* is constitutional, we see no conflict between ordinance no. 45 and that statute. It is plaintiffs' position that they have certain rights under the statute that are not available to them under the ordinance. This gives rise to the alleged conflict. The statute deals with "any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure or image or any written or printed matter of an indecent character, which is obscene, lewd, lascivious, filthy, indecent or disgusting * * * ". These statutory terms require a judgment to be made as to whether or not the book or other article involved is obscene, lewd, etc. Apparently recognizing that judgments may differ on decisions of this nature, the Legislature provided a method by which a prelitigation test could be had of any book, etc. If the chief executive or legal officer of the governmental unit involved deems the book or other

article to be in violation of the provisions of any section of the penal code, a person then knows that sale, distribution, possession or acquisition of the book or other article may subject him to civil or criminal litigation. However, the person involved can test the judgment of the chief executive or legal officer by court action as statutorily provided.

A person in Meridian Township, desiring to publicly display a picture or any other article covered by ordinance no. 45, does not need to make a judgment as to whether the object to be displayed is in violation of the ordinance. All that is necessary is a look at the object. We find that no person of common intelligence, including plaintiff Suits, would be required to guess whether public display of "post-pubertal human genitals" violates ordinance no. 45. We submit that a "look" would be sufficient basis for making that determination. The same reasoning is applicable to the balance of the explicit language of ordinance no. 45, § 2, subparagraph A.

Restricted in application as herein specified, ordinance no. 45 is constitutional and the trial court is affirmed. No costs, a public question is involved.

### Appendix

### Ordinance #45

An ordinance to control the public display of pictorial offensive sexually explicit material within the confines of the Charter Township of Meridian. *This Ordinance shall be known as The Offensive Sexually Explicit Material Control Ordinance.*

*Section 1.* It shall be unlawful for any person acting in a managerial capacity or being the

owner, proprietor, operator, or manager of a business to *knowingly* place offensive sexually explicit material upon public display, for purposes of sale, entertainment, or distribution, or fail to take prompt action to remove such a display from property in his possession or under his control after learning of its existence. The prohibition of this section shall not apply to broadcasts or telecasts through facilities licensed under the Federal Communications Act.

*Section 2.* For purposes of this Ordinance:

A. "Sexually explicit material" means any picture, photograph, drawing, sculpture, motion picture, film, or other visual representation or image depicting uncovered, or less than opaquely covered, post pubertal human genitals or pubic areas in a lewd fashion, or depicting human sexual intercourse, human or animal masturbation, bestiality, oral intercourse, anal intercourse, human-animal intercourse, excretory functions, homosexual acts, direct physical stimulation or touching of unclothed genitals or pubic areas of the human male or female, flagellation or torture by or upon a person who is nude or clad in revealing or bizarre costumes in the context of a sexual relationship or sexual stimulation. The material shall be judged without regard to any covering which may be affixed or printed over the material in order to obscure genital areas in a depiction otherwise falling within the definition of these subsections. Works of art or of anthropological significance are not included within the definition of this paragraph.

B. "Offensive" means that the work in which the representations appear, taken as a whole,

appeals to the prurient interest and patently depicts or portrays the prohibited sexually explicit material in a manner which, taken as a whole, lacks serious literary, artistic, political, or scientific value.

C. "Public display", in the context of films or motion pictures, means the projection of said films or motion pictures on any viewing screen outside a completely enclosed building or theater. In the context of photographs, drawings, sculptures or other visual representations, "public display" shall mean the placing of materials within the definition of subparagraph "A" *and "B"* on or in a newsstand, display rack, window, showcase, display case or similar place so that said material is easily visible from a public thoroughfare, from the property of others, from a common walk or mall, or from that portion of the interior of places of business generally open to minors at the time of such placing.

*Section 3.* Every person, who violates or refuses to comply with any section of this Ordinance shall be guilty of a misdemeanor. Upon conviction thereof, he shall be punishable by a fine of not to exceed one hundred dollars ($100.00), or by imprisonment for not to exceed ninety (90) days, or both. Each day during which a violation continues shall be deemed a separate offense. In addition to the criminal sanctions herein provided, the Township may institute injunctive proceedings, or other appropriate civil proceedings to prevent, enjoin, abate or remove any violation of this Ordinance.