PEOPLE v HERRON

1. CONSTITUTIONAL LAW—DUE PROCESS—STATUTES—VAGUENESS.

A statute which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.

2. CRIMINAL LAW—PRISON INMATES—WEAPONS—IMPLEMENTS—CONSTITUTIONAL LAW—STATUTES.

A statute which proscribes the unauthorized possession by a prison inmate of a weapon or other implement which may be used to inflict injury is constitutional on its face and as applied to a defendant who was in possession of a draftsman's compass which was bent, sharpened on one end, and unfit for normal use (MCLA 800.283; MSA 28.1623).

3. CONSTITUTIONAL LAW—STATUTES—UNCONSTITUTIONAL APPLICATIONS—STANDING TO ASSERT.

One to whom application of a statute is constitutional will not be heard to attack the statute on the grounds that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.

Appeal from Ionia, Leo B. Bebeau, J. Submitted March 3, 1976, at Grand Rapids. (Docket No. 22184.) Decided April 5, 1976.

Michael M. Herron, a prison inmate, was convicted of unauthorized possession of an implement by a convict which may be used to injure another. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lawrence P.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 73 Am Jur 2d, Statutes §§ 195, 295, 346.

*McKaig,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*O'Connor, McNamara & O'Keeffe,* for defendant.

Before: Danhof, P. J., and D. E. Holbrook and Allen, JJ.

Allen, J. A jury convicted defendant, a prison inmate, of unauthorized possession of an implement by a convict which may be used to injure another. MCLA 800.283; MSA 28.1623. He appeals raising three assignments of error, one of which merits discussion.

Defendant asserts he was convicted under an unconstitutionally vague law. The people unsurprisingly maintain a contrary view. That part of the statute under attack reads:

"A convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment." MCLA 800.283; MSA 28.1623.

The standard for ascertaining whether a criminal statute is void for vagueness is not in dispute:

"[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939).

Also see *Suits v Meridian Twp,* 60 Mich App 347; 230 NW2d 426 (1975), *Kalita v Detroit,* 57 Mich

App 696; 226 NW2d 699 (1975). The Court does not view the provision as so vague that men of ordinary intelligence must guess at its meaning and application. Clearly, the statute was intended to prohibit possession of weapons or objects similar to weapons which might be used to harm others or make an escape. Moreover, the section challenged applies only to prison inmates and only to unauthorized possession or control.

Defendant submits that under the language of the statute a prisoner could be subject to criminal responsibility for possessing items such as a pencil, ball point pen, shoestrings, and religious paraphernalia. The Court is unimpressed. The provision in question will not be struck down by this Court simply because the Legislature failed to list each and every "implement" imaginable. *United States v Petrillo,* 332 US 1; 67 S Ct 1538; 91 L Ed 1877 (1947). We must use some common sense in our construction, and requiring the Legislature to specify every type of implement proscribed would make little sense. Further, we believe a prisoner would have implicit authority, unless expressly forbidden, to have shoestrings in his or her shoes or to possess a pen for writing. Be that as it may, instant defendant was not convicted for possessing a pencil or shoestring. The record reveals that prison authorities found a draftsman's compass on defendant's person during a routine shakedown made prior to the prisoners' daily yard time.[1] The compass was bent, was sharpended on one end, and was unfit for normal use. In short, it was an object of weapon-like qualities that could be used to harm others. The statute, being constitutional on its face and as applied to defendant, may not be attacked on the basis of a hypothetical situation:

---

[1] Defendant objected to the shakedown.

" * * * one to whom application of a statute is constitutional will not be heard to attack the statute on the grounds that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." *United States v Raines,* 362 US 17, 21; 80 S Ct 519; 4 L Ed 2d 524 (1960).

It is noteworthy that defendant has not attacked the subject statute on the basis that it violates the title-object clause of art IV, § 24 of the Michigan Constitution, 1963. That question is currently before another panel of the Court. See *People v Stanton,* 69 Mich App 495; — NW 2d — (1976).

Affirmed.