### PEOPLE v STANTON

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—STATUTES—ONE OBJECT—TITLE OF STATUTES
   —BODY OF STATUTES.

   The Michigan Constitution prohibits a statute from embracing
   more than one object and requires that the purpose of the law
   be expressed in the law's title and that the body of the statute
   not be inconsistent with the title (Const 1963, art 4, § 24).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—PRISONS—STATUTES—PUR-
   POSES OF STATUTES—TITLE OF STATUTES—AMENDMENTS—INCI-
   DENTAL TO GENERAL PURPOSE—INMATES—CONTRABAND.

   The purpose of a statute cannot be changed by an amendatory
   act unless the title is also changed and an amendment to a
   statute which includes matter foreign to the title is invalid;
   however, recent case precedent indicates that where an act
   centers around a general topic or purpose which the title
   comprehensively declares and the provisions in the body of the
   act not directly mentioned in the title are germane, auxiliary,
   or incidental to that general purpose, the constitutional re-
   quirement is met; therefore, where a statute, the purpose of
   which, as expressed in its title, was to prohibit the furnishing
   of weapons to prison inmates, was amended to also prohibit the
   possession of weapons by inmates, the amendment was "ger-
   mane, auxiliary, or incidental to" the general purpose of the
   act as set forth in the title and the trial court erred in
   quashing an information against a defendant, charged under
   the amendment, on the basis of the amendment's unconstitu-
   tionality because it was not encompassed in the title (MCLA
   800.283; MSA 28.1623).

DISSENT BY R. M. MAHER, J.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—PRISONS—STATUTES—PUR-
   POSES OF STATUTES—TITLE OF STATUTES—AMENDMENTS—CON-
   TRABAND.

   *A statute which was enacted for the purpose of preventing any*

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 150 *et seq.*
[2, 3] 16 Am Jur 2d, Constitutional Law § 189 *et seq.*

*person from supplying liquor, narcotics or weapons to prison inmates cannot be amended to punish an inmate for possessing a weapon unless the title to the statute is also amended, as required by the Michigan Constitution, to reflect the expanded focus of the statute; therefore, a trial court was correct in quashing an information charging a defendant under the amendment to the statute on the basis that the statute is unconstitutional (Const 1963, art 4, § 24, MCLA 800.283; MSA 28.1623).*

Appeal from Jackson, Russell E. Noble, J. Submitted March 2, 1976, at Lansing. (Docket No. 25551.) Decided June 15, 1976. Leave to appeal applied for.

Richard W. Stanton, a prison inmate, was charged with unauthorized possession of a weapon. Defendant's motion to quash the information was granted. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*Adams, Goler & Williams,* for defendant.

Before: D. F. WALSH, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. Defendant, a prison inmate, was charged with unauthorized possession of a weapon. MCLA 800.283; MSA 28.1623. On April 9, 1975, the trial judge granted defendant's motion to quash the information. In so doing, the judge held that a 1972 amendment to the above-cited statute was unconstitutional because the subject matter contained in the amendment was not evidenced in the title of the act and because the amendment

was vague and overbroad. The people appeal as of right. We reverse.

In 1909, the Michigan Legislature enacted Public Act 17, which was designed to keep weapons, liquor and narcotics out of the hands of any convict in order to forestall a convict from escaping from punishment and to keep weapons out of the hands of convicts which may be used by the convicts to injure another convict or person. The act was entitled as follows:

"An act to prohibit the bringing into prisons of all weapons, or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment, or the selling or furnishing of same to convicts; to prohibit the bringing into prisons of all spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any kind or character of narcotics or the giving, selling or furnishing of spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any other kind or character of narcotics to convicts or paroled prisoners and providing a penalty for the violation hereof." 1909 PA 17.

The 1909 PA 17 contains five sections. It is § 3 of this act (MCLA 800.283; MSA 28.1623) which is at issue today.

As written in 1909, § 3 of PA 17 prohibited the following conduct:

"No weapon or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, shall be sold, given away or furnished to any convict in any prison, or any building appurtenant thereto, or on the land granted to or owned or leased by the State for the use and benefit of the prisoners; nor shall any weapon or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, be brought into any prison or any

building appurtenant thereto, or onto the land granted to or owned or leased by the State for the use and benefit of the prisoners; nor shall any weapon or other implement, which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, be sold, given away, or furnished, either directly or indirectly, to any convict either in or anywhere outside of the prison, or be disposed of in such a manner, or in such a place that it may be secured by any convict in the prison."

In 1972, the Legislature added one sentence to § 3:

"A convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment."

The 1972 amendment did not amend the act's title.

The questions on appeal are whether the 1972 amendment to 1909 PA 17, § 3, must be declared unconstitutional because the amendment is vague and overbroad and because the act now embraces an object not expressed in its title in violation of Const 1963, art 4, § 24.

We first note that the panel is unanimous in determining that the amendment was not vague and overbroad. We do not discuss this any further in view of the fact that another panel of this Court discussed this issue in *People v Herron,* 68 Mich App 381; 242 NW2d 584 (1976).

The 1963 Michigan Constitution contains the following restriction:

"No law shall embrace more than one object, which shall be expressed in its title." Const 1963, art 4, § 24.

This provision has appeared in every Michigan

Constitution enacted since 1850. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 463; 208 NW2d 469 (1973).

In mandating that the title of an act express the purpose of the legislation, the Constitution seeks to minimize two potential dangers. First, that legislators approve statutes that are not fully understood and, second, that the public be unaware of the laws of this state:

"The main purpose of Const 1908, art 5, § 21 [now Const 1963, art 4, § 24] was to prevent the legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection. It was intended that the legislature, in passing law, should be fairly notified of its design and that the legislature and public might understand from the title that only provisions germane to the expressed object would be enacted. *MacLean v State Board of Control for Vocational Education,* 294 Mich 45 [292 NW 662] (1940), and cases cited therein." *People v Carey,* 382 Mich 285, 296; 170 NW2d 145 (1969).

See also, *Vernor v Secretary of State,* 179 Mich 157; 146 NW 338 (1914).

Our courts have interpreted art 4, § 24 to require that a legislative enactment meet the following standard:

"The purpose of an act must be indicated by its title, and the body of the act must not be inconsistent with the title. The title must indicate its purpose, and the purpose of the statute cannot be changed by an amendatory act. *Vernor v Secretary of State,* 179 Mich 157 [146 NW 338] (Ann Cas 1915 D, 128) [1914]. An amendment to a statute including matter foreign to the title is invalid. *Stewart v Father Matthew Society,* 41 Mich 67 [1 NW 931] (1879)." *People v Stanley,* 344 Mich 530, 541; 75 NW2d 39 (1956).

We now turn to one of the most recent pronouncements of the Michigan Supreme Court to determine if the amendment meets these requirements. *People v Milton,* 393 Mich 234, 246–247; 224 NW2d 266 (1974), serves as an excellent guideline for analysis of the problem confronting this panel:

"It is now well established that the title need not serve as an index of all that the act contains:

" 'An abridgement of all those sections is not essential to a sufficient title. While it contains various related provisions not directly indicated or enumerated in the title, under the construction of this constitutional requirement, as many times reviewed by this court, if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose, the constitutional requirement is met.' *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917)."

We feel that this 1972 amendment clearly comports with the guidelines above referred to. One can hardly argue that the amendment is not germane, auxiliary, or incidental to the general purpose as set forth in the title.

Reversed and remanded to the trial court for proceedings consistent herewith.

D. F. Walsh, P. J., concurred.

R. M. Maher, J. *(dissenting).* I am unable to agree with the majority's reversal of the trial court's holding that the statute under which defendant was charged violates the constitution of our state.

In 1909, the Michigan Legislature enacted Pub-

lic Act 17, which was designed to keep weapons, liquor and narcotics out of the state prison system. The act was entitled as follows:

"An Act to prohibit the bringing *into prisons* of all weapons, or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment, or *the selling or furnishing of same to convicts;* to prohibit the *bringing into prisons* of all spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any kind or character of narcotics, *or the giving, selling or furnishing* of spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any other kind or character of narcotics *to convicts* or paroled prisoners and providing a penalty for the violation hereof." 1909 PA 17. (Emphasis supplied.)

The 1909 PA 17 contains five sections. It is § 3 of this act (MCLA 800.283; MSA 28.1623) which is at issue today.

As written in 1909, § 3 of PA 17 prohibited the following conduct:

"*No weapon* or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *shall be sold, given away or furnished to any convict* in any prison, or any building appurtenant thereto, or on the land granted to or owned or leased by the State for the use and benefit of the prisoners; *nor shall any weapon* or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *be brought into any prison* or any building appurtenant thereto, or onto the land granted to or owned or leased by the State for the use and benefit of the prisoners; *nor shall any weapon* or other implement, which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *be sold, given away, or furnished, either directly or indirectly, to any convict* either in or any-

where outside of the prison, or be disposed of in such a manner, or in such a place that it may be secured by any convict in the prison." (Emphasis supplied.)

In 1972, the Legislature added one sentence to § 3:

"A convict without authorization, shall not have on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment."

The 1972 amendment did not provide for any equivalent amending of the act's title. For this reason, the statute as it now reads violates art 4, § 24 of the 1963 Michigan Constitution:

"No law shall embrace more than one object, *which shall be expressed in its title."* Const 1963, art 4, § 24. (Emphasis supplied.)

The majority correctly points out the twin purposes that this constitutional provision serves. The majority also correctly states the standard which it traditionally has imposed upon legislative draftsmen:

"The purpose of an act must be indicated by its title, and the body of the act must not be inconsistent with the title. The title must indicate its purpose, and the purpose of the statute cannot be changed by an amendatory act. *Vernor v Secretary of State,* 179 Mich 157 [146 NW 338] (Ann Cas 1915 D, 128) [1914]. *An amendment to a statute including matter foreign to the title is invalid. Stewart v Father Matthew Society,* 41 Mich 67 [1 NW 931 (1879)]." *People v Stanley,* 344 Mich 530, 541; 75 NW2d 39 (1956). (Emphasis supplied.)

In the instant case, a close reading of 1909 PA 17 reveals that the intent of the Legislature was to

prevent any person from supplying liquor, narcotics or weapons to prison inmates. MCLA 800.281; MSA 28.1621 (§ 1 of 1909 PA 17) and MCLA 800.283; MSA 28.1623 (§ 3 of 1909 PA 17) prohibited the selling, giving, furnishing or bringing into a prison of the designated contraband. By using this language, the Legislature indicated that the focus of the act was on those people who "sold, gave, furnished or brought" contraband into prisons, rather than on those inmates who ultimately received the goods. The title of 1909 PA 17 accurately reflected this focus.

The 1972 amendment to 1909 PA 17 was aimed at the ultimate recipient of the contraband:

"A *convict* without authorization, *shall not have* on his person or under his control or in his possession any weapon or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment." (Emphasis supplied.)

Thus, the amendment focused on a different class of people than did the original enactment. It enlarged the scope of people subject to prosecution under the act, and thereby enlarged the purpose of the act. The amendment of the title, to indicate that the purpose of the act had been expanded to prohibit not only the introduction of weapons into prisons but also the possession or control of weapons by inmates, would have been a simple task. Yet, the title of the act does not reflect the purpose of the amendment. This is fatal. Consequently, I cannot agree that the 1972 amendment is constitutional.

I find support for my position here in earlier decisions of the Michigan Supreme Court. In *People v Smith,* 246 Mich 393; 224 NW 402 (1929), the

Court faced a similar issue. Defendant was charged with receiving the earnings of a prostitute. 1925 PA 330 outlawed "pandering". The title of that act noted its purpose as prohibiting pandering. 1927 PA 37, an amendment to the 1925 act, added offenses other than pandering to the list or proscribed actions. The title of the original act was not amended. Our Supreme Court struck down the amendment because the title did not accurately reflect the subject matter of the amendment. See also, *People v Carey, supra,* and *People v Morton,* 384 Mich 38; 179 NW2d 379 (1970).

*People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), does not warrant this Court to blithely dismiss even substantial title-body questions. Appreciative of the difficult situation presented in *Milton,* I am not inclined to reject defendant's challenge to the statute under which he was charged on the basis of language found in *Milton.* Since the subject matter added by the 1972 amendment is not adequately reflected in the title of 1909 PA 17, I would affirm the trial court.