PEOPLE v STANTON

Docket No. 58626. Decided June 2, 1977. On application by the
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decision of the Court of
Appeals.

Richard W. Stanton, a prison inmate, was charged with unautho-
rized possession of a weapon. The Jackson Circuit Court, Rus-
sell E. Noble, J., quashed the information and found that the
amended statute which the defendant is charged to have vio-
lated is unconstitutional because its amendment embraces an
object not expressed in its title. The Court of Appeals, D. F.
Walsh, P. J., and J. H. Gillis, J. (R. M. Maher, J., dissenting),
reversed (Docket No. 25551). Defendant applies for leave to
appeal. *Held:*

The amendment which proscribes possession by a convict of a
weapon exceeds the scope of the title of the act which pro-
scribes bringing weapons into prisons, or selling or furnishing
them to convicts. The original legislation was aimed at the acts
of persons other than convicts who sold, gave, furnished, or
brought the designated contraband to a convict in prison. The
acts charged in this information could not have been punished
under the statute prior to the amendment, which enlarged the
class of persons subject to prosecution under the act to include
convicts who control or have possession of a proscribed weapon;
but the act's title does not reveal the existence of this new
criminal class. The omission in the title renders the amend-
ment unconstitutional.

Reversed.

Justice Fitzgerald, joined by Justice Coleman, dissented. The
object of the amendatory statute, to prohibit possession by
inmates of defined contraband, is not only germane to the
general purpose of the original statute, to prohibit the traffick-
ing of such contraband in prisons, but is absolutely necessary to
that purpose.

69 Mich App 495; 245 NW2d 106 (1976) reversed.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Judd R. Spray,* Assistant Prosecuting Attorney, for the people.

*Adams, Goler & Williams* for defendant.

PER CURIAM. Defendant was charged with being an inmate in possession of a weapon which might be used to injure a convict or to assist a convict to escape. MCLA 800.283; MSA 28.1623; 1909 PA 17 as amended by 1972 PA 105. The determinative issue is whether the 1972 amendment to § 3 of 1909 PA 17 violates the title-object limitation in Const 1963, art 4, § 24. The circuit court quashed the information on the grounds that the statutory language did violate the title-object limitation, but the Court of Appeals reversed over the dissent of Judge Maher. 69 Mich App 495; 245 NW2d 106 (1976). Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals and reinstate the judgment of the circuit court.

1909 PA 17 was designed to keep weapons, liquor and narcotics out of the state prison system. The act was entitled as follows:

"AN ACT to prohibit the bringing *into prisons* of all weapons, or other implements which may be used to injure any convict or person or in assisting any convict to escape from punishment, or *the selling or furnishing of same to convicts;* to prohibit the *bringing into prisons* of all spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any kind or character of narcotics, *or the giving, selling or furnishing* of spirituous or fermented liquors, drugs, medicines, poisons, opium, morphine or any other kind or character of narcotics *to convicts* or paroled prisoners and providing a penalty for the violation hereof." 1909 PA 17 (Emphasis supplied).

Before its amendment in 1972, § 3 of 1909 PA 17 prohibited the following conduct:

"*No weapon* or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *shall be sold, given away or furnished to any convict* in any prison, or any building appurtenant thereto, or on the land granted to or owned or leased by the state for the use and benefit of the prisoners; *nor shall any weapon* or other implement which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *be brought into any prison* or any building appurtenant thereto, or onto the land granted to or owned or leased by the state for the use and benefit of the prisoners; *nor shall any weapon* or other implement, which may be used to injure any convict or person, or in assisting any convict to escape from imprisonment, *be sold, given away, or furnished, either directly or indirectly, to any convict* either in or anywhere outside of the prison, or be disposed of in such a manner, or in such a place that it may be secured by any convict in the prison." (Emphasis supplied.)

In 1972, the Legislature added one sentence to § 3:

"*A convict* without authorization, *shall not have* on his person or *under his control or in his possession any weapon* or other implement which may be used to injure any convict or other person, or to assist any convict to escape from imprisonment." (Emphasis supplied.)

The 1972 amendment did not alter the act's title. For this reason, defendant contends that the statute as it now reads violates Const 1963, art 4, § 24:

"No law shall embrace more than one object, which shall be expressed in its title."

We agree that the 1972 amendment, proscribing possession by a convict of a weapon, exceeds the scope of the title which proscribes as to weapons their being brought into prisons or sold or furnished to convicts. The instant violation of the title-object limitation is of the same species as that referred to in *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971). The Court held there that § 7 of the governmental tort liability act, MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* providing that governmental agencies were immune from "tort liability", was invalid because it exceeded the scope of the title of the act. The act's title created immunity for the narrower class of governmental acts "caused by negligence". As in *Maki,* the body of the present statute (as amended), speaks more broadly than its restrictively-speaking title.

The original legislation appears to be aimed at the acts of persons *other* than the convict who "sold", "gave", "furnished", or "brought" the designated contraband to a convict in prison. The title of 1909 PA 17 accurately reflects this focus. Indeed, it appears that the acts charged in the information could not have been punished under the statute as it read prior to the 1972 amendment.

The prosecutor states in his brief that the defendant "was charged with being a convict who, without authorization, had possession of a sharpened spike, a weapon or other instrument being of the type which may be used to injure a convict or other person or to assist a convict to escape", a violation of MCLA 800.283; MSA 28.1623. It was the 1972 amendment that enlarged the scope of the persons subject to prosecution under the act to include the convicts themselves should they "control" or have "possession" of a proscribed weapon.

Yet, the act's title does not reveal the existence of this new criminal class. The Legislature did not in the first instance choose a broad and comprehensive title. This omission in the title is fatal and renders the 1972 amendment unconstitutional.

Reversed.

Kavanagh, C. J., and Williams, Levin, Ryan, and Blair Moody, Jr., J., concurred.

Fitzgerald, J. *(dissenting)*. The majority of the Court of Appeals panel below correctly disposed of this matter. We would deny leave to appeal.

The purpose here at issue of Const 1963, art 4, § 24 is to assure fair notice of a statute's purpose and effect. In *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 465; 208 NW2d 469 (1973), this Court said:

"An act may include all matters germane to its object. It may include all those provisions which directly relate to, carry out and implement the principal object. As a review of the cases will show, the purpose of this constitutional limitation is to insure that both the legislators and the public have proper notice of legislative content and to prevent deceit and subterfuge."

In *People v Milton,* 393 Mich 234, 241; 224 NW2d 266 (1974), the Court said:

"When passing new legislation, the Legislature is free either to enact an entirely new and independent act or amend *any* act to which the subject of the new legislation is 'germane, auxiliary or incidental'.

"Not infrequently there will be a number of existing acts to which the new legislation would be germane, auxiliary or incidental. The legislative choice will not be held invalid merely because an alternative location

for the new legislation might appear to some more appropriate." (Footnote omitted.)

The object of 1972 PA 105 was to prohibit possession by inmates of defined contraband. That object is not only germane to the general purpose of 1909 PA 17, which was to prohibit the trafficking of such contraband in prisons, but is absolutely necessary to that purpose.

COLEMAN, J., concurred with FITZGERALD, J.